| 58    37,
73    700

## C. A. LIGON *v.* CATHERINE SPENCER ET AL.

1. WILL.   *Construction thereof.   Widow's right of dower.*
   The last will and testament of W. contained this provision: "If my wife C.
   survives me, I wish her to have her dower in all my lands, as provided by
   law, for the term of her natural life, and subject thereto."   W. died, leaving
   C. as his widow.   Many years after his death, and when she had neither re-
   nounced the will nor had her dower allotted, her interest in his lands was
   sold under execution at law.   *Held,* that her interest in her deceased hus-
   band's lands was held by her as dowress, and not as a purchaser under the
   will.

2. DOWER.   *Not subject to execution before allotment.*
   The common-law doctrine that the widow's claim to dower in the lands of her
   deceased husband, before assignment thereof, is not vendible under exe-
   cution at law, became the settled law of this State by the decision in *Wallace
   v. Smith's Heirs,* 2 Smed. & M. 220, and was not abrogated by the Code of
   1871.

APPEAL from the Chancery Court of Hinds County.

Hon. E. G. PEYTON, Chancellor.

In the year 1874, Wesley Crisler died seized and possessed
of a certain tract of land, upon which he with his family was
at that time residing.   Catherine Crisler, his widow, and three
children survived him.   He left a last will and testament,
which contained, amongst other provisions, the following: "If
my wife Catherine survives me, I wish her to have her dower
in all my lands, as provided by law, for the term of her natu-
ral life, and subject thereto."   The widow's dower has never
been allotted, nor her interest in the realty belonging to her
deceased husband's estate in any manner set apart, but she
and the children have continued to reside on the land since
Crisler's death as before.

Some years after Crisler's death his widow became Catherine Spencer, by marriage with E. W. Spencer. In 1878, C. A. Ligon recovered a judgment at law against her, with award of execution against her separate estate. At the time of the commencement of the action she was a *feme covert*, and her husband, Spencer, was joined as a defendant *pro forma;* but the debt sued for was contracted during her widowhood. Execution was issued upon this judgment and levied on her interest in the lands left by Crisler, which interest was sold to Ligon, and a deed therefor given him by the sheriff.

In February, 1880, Ligon filed the bill in this cause against Catherine Spencer, with her husband, E. W. Spencer, and her children, who are minors, praying for a partition of the lands belonging to Crisler's estate, and that the one-third interest of the widow for the term of her life be decreed to belong to the complainant and be set apart to him. Catherine Spencer answered, denying the right of the complainant to the relief sought. The minor defendants also answered by guardian *ad litem.* Upon final hearing the bill was dismissed, and the complainant appealed.

*James Shelton,* for the appellant.

1. I recognize the doctrine that the widow's dower, by the common law, could not before assignment be sold under execution ; but it is essentially different under our statutes. Under our statutes the widow's right of dower is a legal estate in lands, inchoate upon the acquisition of title by the husband during coverture, and consummate on his dying seized. Sect. 1281 of the Code of 1871 gives her a one-third part for life of all the lands of which her husband died seized ; and sect. 1292 allows her to retain possession of the plantation, dwelling-house, etc., of her deceased husband until her dower is assigned.

The effect of these statutes is necessarily to make the widow and children, in possession of lands at the time of the husband's death, tenants in common previous to assignment

of the widow's dower.  Freem. on Ex., sect. 185.  Such is held to be the effect of similar statutes in the States of Pennsylvania, Georgia, Connecticut, Missouri, Indiana, and New Jersey.  5 Conn. 462; 38 Conn. 256; 4 Ind. 215; 2 Mo. 163; 6 Ga. 452; 3 Pa. St. 60; 12 Serg. & R. 12; 40 Pa. 170; 1 Halst. 367.

2.  But is it not true that Catherine Spencer takes her interest in her deceased husband's lands, under his will, as a purchaser?  Under the Code of 1871, the provision for her must be regarded as in lieu of dower, and as barring her right of dower unless she make a written renunciation within six months after the probate of the will.  Many years have elapsed since the probate, and she has made no renunciation.  But, whether she takes under the will or by operation of law, her interest was salable under execution.  Code 1871, sects. 830, 855, 1293, 1780, 2309.  In other States, under statutes like ours, it has been held that the widow's statutory dower before assignment is subject to sale under execution.  3 Pa. St. 69; 12 Serg. & R. 12; 6 Ga. 452.

*J. W. Jenkins*, for the appellees.

1.  The provision in Crisler's will in relation to his wife cannot be construed to mean anything else than that he intended simply that his wife should take her dower in his lands.  He wished her to " have her dower as provided by law," and nothing more.  The will cannot be construed to mean that the testator intended to make a devise in lieu of dower, unless it is expressly so declared in the will.  In order to deduce such an *implied* intention on the part of the testator, the claim of dower must be inconsistent with the will and repugnant to its dispositions, or some of them.  2 Scribner on Dower, 414, 415.  Instead of the claim of dower being inconsistent with the will in this case, it is positively and plainly in accordance with the express provision thereof.

2.  Regarding the interest of Catherine Spencer in the lands of her deceased husband as a dower interest, was it subject to levy and sale under execution at law?  It is well settled that

at common law a mere right of dower, before assignment to the widow, is not such an interest as can be sold under execution against her.   2 Scribner on Dower, 37, 40.   The common-law doctrine is founded upon the principle that there is no estate in the widow, and, therefore, no ·interest that is subject to execution.   And it has been held by the High Court of Errors and Appeals of this State that until dower is assigned there is no estate in the widow.   *Wallis* v. *Smith's Heirs,* 2 Smed. & M. 220.

There is no provision of our statutes intended to change, or which does change, the common-law rule upon this subject.

CAMPBELL, J., delivered the opinion of the court.

The widow held as dowress, and not as a purchaser.   The common-law doctrine is that before assignment of dower the interest of the widow, as such, in the lands of her deceased husband is not an estate, but is a mere claim, a chose in action, and therefore not vendible under execution.   This view of the claim of the widow to dower in this State was announced in *Wallace* v. *Smith's Heirs,* 2 Smed. & M. 220, under statutes nearly the same as were in force when this case arose, and is the prevailing doctrine in the United States.   2 Scribner on Dower, 37.   In some of the States having statutes similar to those of this State as to dower, the widow is held to be a tenant in common of the land of her deceased husband with his heirs.   Although this view seems the more rational, the contrary has been announced in this State, as above stated.

Decree affirmed.