CHAS. S. McKENZIE ET AL. v. N. E. DONALD, EXTX., ET AL.

1. DOWER.   *Unallotted.   Assignable by contract.*
   While unassigned dower is not vendible under a *fi. fa.,* it may be assigned by
   contract, and a court of equity will always enforce such a contract for the
   benefit of a purchaser.

2. SAME.   *Rights of mortgage creditors.*
   Mortgage creditors of the widow have the right to subject her interest, what-
   ever it may be, in the land mortgaged, and may proceed by appropriate
   proceedings in chancery to have her dower assigned her, and then to appro-
   priate it to their demands.

3. SAME.   *Encumbering estate by widow.   Minors' interest.*
   Where the widow entitled to dower has encumbered the whole estate of her
   deceased husband, only her interest can be reached by the mortgage cred-
   itors, and the interest of the minor children is unaffected by the transfer.

4. PERSONAL ESTATE.   *Purchase of realty.   Widow's right.   Case in judgment.*
   A widow being executrix of her husband's estate takes land in settlement of a
   note due her deceased husband.   *Held,* that being entitled to a half interest
   in the note in fee, the widow took the same estate in the land for which it was
   exchanged.

APPEAL from the Chancery Court of Sunflower County.
HON. W. G. PHELP, Chancellor.

The appellee was the widow and executrix of G. W. Bowles,
who ' died testate in 1875.   At the time of his death Bowles
owned certain real estate and held the note of one Allen for the
unpaid purchase-money for a half section of land sold by Bowles
to Allen.   Bowles left one child surviving him, who is still
a minor.   Appellee renounced the will of her husband and took
out letters of administration on his estate.   In 1877 Allen, being
unable to pay the note which he had given for the purchase-money
of the half section of land, made a deed to the land to Mrs. Bowles,
as executrix of her husband, and took up the note., Mrs. Bowles
never had her dower allotted, and in 1880, in order to get supplies
to carry on her farming operations, executed a deed of trust for
the benefit of Ragan & Co., from whom she obtained advances,
on all the land left by her husband, together with the half section

of land conveyed to her as executrix by Allen.   The debt not
being paid at maturity, the trustees advertised the land to be sold
under the trust deed, and the appellee, who had in the meantime
married one R. B. Donald, filed her bill as executrix of the estate
of G. W. Bowles and as guardian of the minor child to enjoin
the sale of any of the land.   An injunction was issued and the
sale stopped.   The bill was filed in 1882, two years after the debt
became due.   An answer was filed, and on that a motion made to
dissolve the injunction.   The motion was denied and a decree
rendered perpetually enjoining the trustees from selling the land ;
from this decree an appeal is taken.

*H. C. McCabe*, for the appellant.

1.  Upon the renunciation of the will of G. W.·Bowles by Mrs.
Bowles, she took such interest in his estate as the law had provided·
for the widow where the husband dies intestate.   This interest was
an undivided one-third interest for life in such lands as he died
seized and possessed of.   At the date of the conveyance to Ragan
& Co.'s trustee, Mrs. Donald's (then Mrs. Bowles) interest in the
land stood thus : She was entitled to an undivided one-third inter-
est in one of the pieces of land and she had bought the other as ad-
ministrator of her husband's estate, and she was—and, as far as the
record shows, yet is—the heir apparent, so to speak, to the whole,
and had control of it at the time.

2.  The debt with which she purchased the land was, before it was
utilized for that purpose, personal property, and as widow of George
W. Bowles she was entitled to a child's part of the same—in this
case one-third.   Having used in part money belonging to herself
in making the purchase, she became in equity interested to that
extent in the land and the conveyance by her vested what interest
she had in her vendee.   Then her conveyance to the trustee for
Ragan & Co. vested in him, if no more, an undivided one-third
interest in the lands, which Ragan ·& Co. might have sold and
applied to the payment of their debt.   *Hickman* v. *Ruff*, 55 Miss.
550.

3.  This case presents to our consideration for the first time in
this State the question as to whether or not a widow can encumber

her dower in her husband's estate *before it is allotted to her*. The Chancellor answers this question in the negative, and upon that view of the law held that Ragan & Co. got nothing by the deed of trust. In fact, this seems to have been the only question argued, as far as I can learn from counsel engaged in the trial of the cause in the court below and from the Chancellor himself. He put his decision on two cases reported in our own State—2 S. & M. 220, 58 Miss. 37. Neither of these cases cover the precise point involved here. They merely hold to the common-law doctrine that before the widow's dower has been *allotted* it is not subject to sale under execution. There is such a radical distinction between those cases and the one at bar that I cannot see how the Chancellor reached the conclusion he did, even by analogy. The distinction is that under the law by execution you undertake to take the widow's rights by force, whereas here you take them by a contract. There, she claimed no right of dower, and you could not sell her right to proceed and have it allotted ; here, by selling it she is *asserting* it, and the conveyance would carry with it the right to go on and allot it.

(1.) In equity a transfer of the widow's right to dower will be sustained, and

(2.) The interest of the widow before assignment may be reached in equity by creditors.

As these two rules are discussed at considerable length in a much more intelligent manner than I can discuss them, I will do no more than refer the court to them. 2 Scribner on Dower, 43–45.

No counsel marked for the appellee.

CHALMERS, J., delivered the opinion of the court.

Mr. Bowles died the owner in fee of a half section of land, upon which he carried on a farm. He had sold another half section to one Allen, who had paid him only in part, and for the balance owed him a large note.

His widow (now Mrs. Donald) qualified as his executrix, and as such compromised with Mr. Allen, giving up the note of the latter and receiving a deed to herself as executrix for the half section of land. Mr. Bowles had left a minor child surviving him, who be-

came the owner of two-thirds of the half section possessed by Bowles at the time of his death, and the owner of one-half of the personalty, to wit, of the note executed by Allen.

It follows that Mrs. Bowles (who renounced her husband's will) was the owner of her dower interest in the half section of land of which her husband died possessed, and was the owner in fee of one-half of the note due by Allen, and that she held the land, receiving from the latter exactly as she had held the note; that is to say, she was the owner in fee of half the latter land. The widow, having received the land from Allen, executed to S. C. Ragan & Co. a trust deed for supplies on the whole land, as well that formerly owned by the husband as that procured from Allen by herself. It is confessed that she now owes a considerable amount on this trust deed, but the Chancellor held that no portion of the land could be sold, basing this decision on *Wallace* v. *Smith's Heirs*, 2 S. & M. 220, and *Ligon* v. *Spencer*, 58 Miss. 37, by which it was held that where no dower in fact had been allotted to the widow, nothing could be sold under execution against her, and that a deed under such a sale would pass nothing to the purchaser.

This was erroneous. It is quite generally held that while unassigned dower is not vendible under a *fi. fa.*, it may be assigned by contract, and that a court of equity will always enforce such a contract for the benefit of the purchaser. 2 Scribner on Dower, §§ 37 to 40 inclusive, and cases cited.

Mrs. Donald, the executrix, could not litigate in this way the rights of her minor son, whose interest in the land could not be affected by a sale of her interest, but the mortgage creditors had the right to subject her interest, whatever it was, and this was all that they sought by their advertisement to do, and this they should have been allowed to do. Having established the amount due by her, they should be permitted as against her to make sale of all her interests. If they acquire this at the sale they may proceed by appropriate proceedings in the chancery court to have her dower assigned her, and then appropriate it to their demands.

It is true that dower is now abolished by law, but this affords no barrier to the establishment and application of that dower to her

debts by appropriate proceedings in the chancery court. Code 1880, § 4.

Such proceedings will in no manner affect her minor son.

*Reversed and remanded to be proceeded with in accordance with this opinion.*