## MARY HARVEY ET AL. *v.* J. J. BRIGGS.

1. SUPREME COURT. *Record. Agreed statement of facts.*
   It is not allowable in this court to contradict an agreed statement of facts and chain of title upon which an ejectment suit was tried ; and where, by such statement, it is agreed that a deed was made by a certain vendor to a specified vendee, noting the book and page where it is recorded, a certified copy of such record, filed for the first time in this court, to show a different vendee, will be ignored.

2. INFANCY. *Disaffirmance of contract. Right of heir or legal representative.*
   While the privilege of a minor to disaffirm his contract may not be exercised by a stranger, the heir or legal representative of the infant may plead minority in avoidance of such contract, in the same manner and to the same extent as the infant could, if living. *Alsworth* v. *Cordtz*, 31 Miss. 36, cited and explained.

3. SAME. *Disaffirmance by infant. Restoring consideration.*
   A person who elects to avoid his contract, made during minority, must restore the consideration received by him, if he has it in possession at the time of such disaffirmance ; otherwise, if it has been lost or squandered during his minority. *Brantley* v. *Wolf*, 60 Miss. 420.

4. PURCHASER OF DOWER INTEREST. *Tenant for life. Right of heirs.*
   One who entered into possession of land under a purchase and deed from the widow and infant heirs (the widow having only a dower interest), becomes, after disaffirmance of the sale by the infants, a mere tenant of the life estate of the widow, and, upon the death of the latter, becomes a tenant at sufferance of such heirs. *Day* v. *Cochran*, 24 Miss. 261, and *Griffin* v. *Sheffield*, 38 Ib. 359, cited.

5. STATUTE OF LIMITATIONS. *Adverse possession. Possession by life-tenant.*
   Where one enters into possession of land and claims it adversely, thus putting into operation the statute of limitations, but dies before the expiration of the ten years, and his widow, entitled to dower, and his infant heirs execute a deed to the land to another, who enters into possession, the statute of limitations continues to run in favor of the heirs who disaffirm the sale, and is not disturbed by such entry and possession of the purchaser, since after the disaffirmance such possession will be merely that of a tenant of the life estate of the widow, and after her death that of a tenant at sufferance of the heirs.

FROM the circuit court of Rankin county.
HON. A. G. MAYERS, Judge.
The opinion states the facts.

*J. R. Enochs* and *A. J. McLaurin*, for appellants.

We concede plaintiff's right to one-half of the land. But before he can recover as to the other half, he must at the outset show that he has a right to avoid the sale by Dora and Ella Briggs on account of infancy. This privilege is a personal one. *Alsworth* v. *Cordtz*, 31 Miss. 36. But if he can avoid their deed, he can only do so as they could have done. They could only have avoided it by paying back what they had received. *Hill* v. *Anderson*, 5 S. & M. 224. The presumption is that the money was paid by Harvey to his vendors. *Nims* v. *Nims*, 1 So. Rep. 527. The deed is good until avoided, and unless it is shown to have been avoided, it is a bar to this action.

There were two other children of Briggs, besides plaintiff— Dora and Ella. It is not shown that they were minors at the time of the conveyance to Harvey. The presumption, therefore, is that they were of age. The statute of limitations begins to run against all persons except those under disability. The rule is that the statute runs; the exception is that it does not. If, then, the statute began to run as against them, they were barred before this suit was begun, and if they were barred, plaintiff was barred. *Tippin* v. *Coleman*, 61 Miss. 516.

The certified copy of the deed from Courtney and wife is filed with our brief, and shows that it was made to M. A. Harvey, wife of F. A. Harvey, instead of to the latter. We submit this because the agreed statement of facts refers to the deed and the place of its record, and it was clearly the intention of the parties that the court might examine the deed. This deed is a warranty deed, and makes the holding of Harvey adverse, and not as tenant of the life estate. *Smith* v. *Shane*, 22 N. E. Rep. 924.

Again, Dora and Ella Briggs had no life estate, and their deed shows that they intended that he should hold adversely. Harvey held adversely to them, although the statute of limitations did not run against them. His holding could not be said to be theirs, and did not, therefore, go to make up the required time to confer title by prescription.

*Cole & White*, for appellee.

Mrs. Courtney, the mother of appellee, could only convey her life interest in the lands, and at her death Harvey became tenant at sufferance to the heirs of Briggs, the appellee being the only one living when this suit was brought. *Day* v. *Cochran*, 24 Miss. 261 ; *Griffin* v. *Sheffield*, 38 Ib. 359.

Appellant cannot defeat this action by showing that he obtained an outstanding title barred by the statute of limitations. The deed from Mary McReary to Harvey was made twelve years after Briggs' entry. *Freeman* v. *Cunningham*, 57 Miss. 71.

The possession of appellee's father, under a deed claiming title to the whole of the land at the time of his death, is sufficient to entitle plaintiff to recover. *McClanahan* v. *Barrow*, 27 Miss. 664 ; *Spear* v. *Burton*, 31 Ib. 547.

The personal representative or heir of an infant may disaffirm the latter's deed made during infancy. 3 Washb. on Real Prop. § 265 ; Wood, Landlord and Tenant, 148 ; 2 Kent Com. § 237 ; Tyler on Infancy, 59 ; Smith on Contr. 324 ; Schouler's Dom. Rel. 530–536 ; Devlin on Deeds, § 86 ; Ewell on Infancy, 83.

It was not necessary upon disaffirmance of the deed to return the consideration. *Brantley* v. *Wolf*, 60 Miss. 420. The disaffirmance renders the deed void *ab initio*. *French* v. *McAndrew*, 61 Miss. 187.

*Calhoon & Green*, on the same side.

Harvey entered under the title of Briggs, under a purchase from his widow, and hence while in possession cannot dispute that title as against the heirs of Briggs. Harvey's possession cannot be defended under another and different title acquired after entry. *Stewart* v. *Matheny*, 66 Miss. 25 ; *Hignite* v. *Hignite*, 65 Ib. 441.

It is plain that the title of the ancestor of plaintiff was a clear legal title to the whole land ten years after 1869. No disability is shown in White's heirs, in 1861, when he died, or since. The deed by them and Graves to Harvey was conceded on this record to be by a party out of possession, and was not the assertion of title so as to stop the statute ; though if it was, it was two years after Briggs' title became invincible.

Appellants cannot in this court file a copy of the deed from Mrs. Courtney to show that it was a warranty deed to the wife of Harvey instead of to him, as the agreed statement of facts shows. To admit this deed now, would be to make a case outside the agreement. Even if it was a warranty deed by the widow having dower only, it would not be notice to the minor heirs of adverse claim, and especially not until they were adult. *Hignite* v. *Hignite*, supra.

WOODS, C. J., delivered the opinion of the court.

This is an action of ejectment which was tried on an agreed statement of facts, in writing, before the court, a jury having been waived.

This agreed statement of facts shows that the lands in controversy were conveyed, in 1855, by the original purchaser from the government, one Wright, to Graves and White; that, in 1869, the attorney in fact of Graves, one Compton, conveyed by deed the *whole* of said land to R. W. Briggs, the father of plaintiff below—the appellee—and that R. W. Briggs entered upon said lands, under the Compton deed, and occupied and openly and notoriously asserted title to said lands so long as he lived; that R. W. Briggs having died in possession, and asserting title to the whole of the lands some time before November, 1876, and his widow having after his death intermarried with J. E. Courtney, Mrs. Briggs-Courtney and her then husband, and two of her minor children by Briggs, the former husband, to wit, Ella and Dora Briggs, executed and delivered their deed to said lands to F. A. Harvey, the father of the defendant below—the appellant—on November 24, 1876; that at the date of this deed to F. A. Harvey, there were five children, including Dora and Ella, living, the fruits of the marriage of R. W. Briggs and wife, and that all three children were then minors, and that all, Dora and Ella, the minors joining in the deed to F. A. Harvey included, died in infancy and before attaining majority, save and except this plaintiff, J. J. Briggs, and that he was of the age of twenty-two years when he instituted this suit; that R. W. Briggs, plaintiff's father, during his lifetime, and his widow and their children after his death, occupied and held possession of said

lands: that F. A. Harvey, the father of defendants, took posses-
sion of the lands in 1876, under the deed from Courtney and Mrs.
Briggs-Courtney and the minors, Dora and Ella Briggs; and that
he, Harvey, and those claiming under him, have held continuous
possession of the premises until the commencement of this suit;
and that, at all times, while so holding, all these parties have openly
and notoriously claimed title to the lands; that R. W. Briggs died
intestate, and that there was never administration upon his estate;
that White, the original joint purchaser with Graves, in 1855, from
Wright, the patentee from the government, died in 1861, leaving
three heirs, John E. and Belle White and Mary McReary, and that
Mary McReary having received from John E. and Belle White and
Graves, the joint purchaser with her father, a conveyance of their
respective interests in said lands, by her deed conveyed the lands to
this defendant, J. B. Harvey, in the year 1881; and that defend-
ant relies upon the McReary title, though he received possession of
the premises from F. A. Harvey, his father, who entered under the
conveyance from Courtney and wife, and Dora and Ella Briggs.

There are some other facts recited in the agreement which appear
to us to be immaterial to the proper determination of the issues
presented, and whose introduction here would prove unnecessary
and confusing.

Before proceeding to consider the case on this agreed statement
of facts, it will be helpful to dispose of one or more questions pre-
sented by counsel for appellants.

1. In the agreed statement of facts, in each instance where it is
agreed that there was a conveyance, it is added that the deed is of
record, in a particular deed record, in the proper office, in Rankin
county; and when the agreed statement declares that there was a
deed from Courtney and wife, and Dora and Ella Briggs, to F. A.
Harvey, it is added that this deed is of record in deed book 31, in
the chancery clerk's office of Rankin county, on page 345 of that
book.

Appellant's counsel have procured a certified copy of the record
thus referred to, from which it appears that this particular convey-
ance was, in fact, made, not to F. A. Harvey, the father of de-

fendant, but to Mrs. Martha A. Harvey; and we are asked to consider this certified copy of that record in determining the cause.

To comply with counsels' desire would be to now permit the introduction of evidence here directly contradicting the agreed statement of facts upon which the case was tried ; and to thereby make another and wholly different case, and to introduce new parties. For these reasons, it would be wholly inadmissible to receive or consider the certified record now offered us.

2. The right of a minor to disaffirm his contract, and the terms upon which such disaffirmance may be had, are much discussed by counsel, and the proper settlement of these contentions, at this point, will simplify the consideration of the controlling question.

. In discussing the effect of the conveyance of the minors, Dora and Ella Briggs, and the attempted disaffirmance, by the plaintiff, of their contract [they having died during their minority], it is asserted that the right to disaffirm is one personal to the minor, reliance being put upon a remark to that effect, on a petition for reargument, in the case of *Alsworth* v. *Cordtz et al.*, in 31 Miss. The remark was perfectly correct, as applied to the facts of that case, in which a stranger to the minor, one not the heir or legal representative, attempted to assert this privilege of the minor for his, the stranger's, own benefit. Very properly the court denied the stranger the privilege. But it is not to be supposed that, by the remark of the court that infancy is a personal privilege, and not to be set up by the stranger attempting to plead it in that case, it was ever designed to overturn the universally recognized right of the legal representative or heir of the infant to assert this privilege of pleading infancy. The counsel have taken the remark with too much literalness ; and the position that no one but the infant can set up the privilege of minority to defeat his adversary cannot be maintained. The legal representative or heir of the infant is entitled to plead minority in avoidance of the infant's contracts, if the plea be made in good time  Here, in this case, Dora and Ella Briggs were minors when they executed the deed to Harvey, and they both died during infancy. Their sole heir, on arriving at his majority, promptly disaffirms their contract and seeks to avoid it;

and this he has clearly the right to do. It is useless to dwell on this point, or to refer to authority.

3. In this connection, too, it is further contended for appellant that the plaintiff, if entitled to disaffirm the contract of Dora and Ella, his minor sisters, at all, can only do so on repayment of the consideration received by them from Harvey, their vendee. It is true that Chief Justice Sharkey, in *Hill* v. *Anderson*, 5 S. & M., asserted that "an infant vendor may recover back his property, real or personal.; but in such cases he must refund what he has received." And this seems to have been followed and adopted by this court in *Ferguson* v. *Bobo*, 54 Miss. But the point was not really before the court in this last-named case; and the dictum of the court, which was in agreement with Chief Justice Sharkey's opinion, and with many other authorities venerable with age, was distinctly recalled and repudiated by the same judge who gave it utterance, in the latter case of *Brantley* v. *Wolf*, 60 Miss. That the minor must refund if he elects to disaffirm is true, provided he has in his possession the consideration received by him when he elects to disaffirm. As was forcibly said in the last-named case : "If he has lost or squandered the consideration during minority, this is nothing more than the law expects of him ; and he cannot be required to purchase the right of reclaiming his own by still further abstractions from his estate. Such a rule would practically strike down the shield which the law, by reason of his inexperience and youth, throws around him."

Thus freed from these incumbering questions, let us now consider the controlling questions in the case.

What title and possession had R. W. Briggs, and how have the rights of his heirs, and particularly of this plaintiff, been affected by the efflux of time? And what was the nature of the title and possession of F. A. Harvey and those claiming under him?

It will further unload the discussion of these questions of useless burdens to here state that counsel for appellants frankly concede plaintiff's right to a recovery of one undivided half of the premises, the half interest of Graves, as we must suppose. And we are thus

left to consider the question before us only as affecting the half-interest of White, or those claiming under him.

What was the character of title acquired by R. W. Briggs, in the year 1876, as to White's half interest? And what was the character of his possession thereunder? Compton, the attorney-in-fact of Graves, by deed conveyed the whole estate in the lands to Briggs. As to Graves' interest, he had power to convey, and did convey the real title: as to White's half interest, the conveyance from Compton carried only a formal paper title, as distinguished from the real title. This mere formal title might or might not ripen into a perfect one. If the heirs or vendees of White should assert no claim within ten years from Briggs' acquisition of this formal deed; and if Briggs should enter upon and take exclusive possession of the whole tract of land, and should openly and notoriously assert title to the whole place, without interruption from any source, then it would appear that, after the expiration of the ten years, he would have acquired a perfect title to White's half interest, as well as the Graves half interest.

It is clear that R. W. Briggs did enter upon and take possession of the whole place under his deed from Compton, Graves' attorney-in-fact, and that during his lifetime he retained such possession, openly and notoriously asserting title to all the lands; and it is clear, also, that this condition of affairs remained undisturbed until 1876, his wife and children occupying the whole place, and openly and notoriously asserting title to it. In that year, 1876, Courtney, who had married Briggs' widow, and Mrs. Briggs-Courtney, and two of the five minor children of Briggs, conveyed to F. A. Harvey, and Harvey entered under their conveyance, and held possession thereunder till his death, and his heirs remained in that character of possession until the year 1881, and under that conveyance only, when I. B. Harvey, the son of F. A. Harvey, obtained the deed from White's heirs. The inquiry now is, what title or estate did F. A. Harvey acquire by virtue of the deed from Courtney and wife and the minors, Dora and Ella Briggs? From Mrs. Courtney he acquired her life estate, or the estate of the doweress, in the lands, and he acquired the estate in fee of the two minors, subject

to its infirmities. These minors having died in infancy, and their sole heir, upon attaining his majority, having disaffirmed the contract of sale made by his two infant sisters, and this disaffirmance by relation rendering the deed of the infants void *ab initio*, as was held by this court in *French* v. *McAndrew*, 61 Miss., it will be seen that the title of Harvey, and those claiming under him, rests now upon the deed of Courtney and wife. Courtney himself had no title, and his wife had only a life estate, or the estate of a doweress. This then covers the interest of Harvey and his heirs, and he and they are and were, until the McReary purchase and deed, in the year 1881, simple tenants of the life estate of Mrs. Courtney in the lands, and their possession must be held to be the possession of a tenant of a life estate. On the death of Mrs. Courtney this estate terminated, and Harvey became tenant-at-sufferance of the heirs of R. W. Briggs. *Day* v. *Cochran*, 24 Miss., and *Griffin* v. *Sheffield*, 38 Miss.

It follows irresistibly that the statute of limitations of ten. years, which began to run in favor of R. W. Briggs in 1869, was indisputably continuing to run until the sale by Courtney and wife to A. F. Harvey in 1876, and that its operation was not disturbed by the entrance and possession of the tenant of Mrs. Courtney's life estate, or by the further possession of the tenant by sufferance, until the year 1881, certainly, and therefore, the formal title of Briggs to White's half interest had hardened into a perfect title by this ten years' limitation in the year 1879, two years before I. B. Harvey acquired the deed from Mrs. McReary.

It only remains to add that, entertaining these views, the contention of appellant's counsel, that the two Briggs heirs, other than plaintiff below and the minors Dora and Ella, were presumably adults when the conveyance was made by Courtney and wife to F. A. Harvey, and that defendant has acquired a good title to their two-fifths interest in their father's estate by the running of the ten years' statute of limitation against them, is without merit. The statute did not run against the Briggs heirs at all, because, as we have attempted to demonstrate, they or their ancestor were always in possession, either in person, or by the tenant of the life estate, or by their tenant-at-sufferance. *Affirmed.*