## J. A. LYEBROOK ET AL. *v.* O. V. HALL.

1. TAX TITLE.  *Landlord and tenant.   Tenant's purchase from state a redemption.*

   A purchase from the state of land held under a tax sale, by a tenant for years of the grantee of one having a dower interest therein, made during the term of such tenant and while he is receiving the rents and profits, and is under duty, by contract with his landlord, to redeem the land, confers no title upon him, but operates as a redemption merely; and, in a contest between those claiming under him by inheritance and the reversioner in fee after the death of the dowress, it is immaterial that his landlord had abandoned his interest as grantee of the dowress.

2. SAME.  *Adverse possession.   Tenant at sufferance.   Statute of limitations.*

   When such tenant makes no surrender of possession at the end of his term, but remains in possession until his death some time thereafter, receiving the rents and profits, and such possession, accompanied by like receipt of rents and profits, is continued by those claiming under him by inheritance, neither he nor they will be deemed to have held adversely to the dowress or reversioner in fee, but to have been tenants at sufferance merely, and, as such, incapable of acquiring title against said dowress or reversioner under the tax sale covered by said tenant's contract to redeem, or any subsequent sale for taxes that accrued during such possession, or of successfully pleading against them, either the ten years statute of limitation or the three years limitation prescribed by § 539, code 1880, in cases of actual occupancy under tax deeds from the state.

FROM the chancery court of Copiah county.

HON. H. C. CONN, Chancellor.

This was a proceeding by Mrs. O. V. Hall for the cancellation of a deed made by one Fugate to the defendant, Mrs. J. A. Lyebrook, then Mrs. J. J. Cason, on April 8, 1885, as a cloud upon her title to the land in controversy. The bill alleges that complainant's father, in 1857, was seized and possessed of the land; that he died some time during the civil war, at which time he still owned the land, which descended to com-

plainant as his only heir at law; that she, the complainant, was
in possession at the institution of suit, and had been for some
time previous thereto; and that the pretended conveyance of
Fugate vested no title in defendant, but was a cloud upon com-
plainant's title.    Mrs. Lyebrook answered, denying that com-
plainant was ever in possession, and averring possession by her-
self from the year 1884 to the date of her answer.   She denied
that Fugate was without title, and alleged that he acquired a
valid title under a sale to the state for taxes in 1882, and fur-
ther averred that Robinson, the father of complainant, died in
1862, and that his widow, complainant's mother, who became
Mrs. Burgess by a second marriage, moved off the land shortly
afterwards, and that neither she nor complainant had ever been
in possession of the same since; that said land was sold to the
state for taxes on May 10, 1875, and that, on March 15, 1878,
Z. T. Cason purchased the same from the state, receiving the
auditor's deed thereto; that said Cason owned and occupied the
land from that time until his death in 1882, after which, J. J.
Cason, his brother, took possession of it as one of the heirs of
Z. T. Cason, the other heirs releasing all interest in his favor;
that, on J. J. Cason's death, the defendant, now Mrs. Lye-
brook, with Hooker Cason, the only child of J. J. Cason, in-
herited the land from him; that J. J. Cason, in his lifetime,
allowed the land to be sold for taxes, when Fugate acquired,
and afterwards transferred to her, the tax title assailed by the
bill.    She relied on the tax titles acquired by both Z. T. Ca-
son and Fugate, and also upon the statutes of limitations—
§§ 2669, 2696, code 1880; § 1709, code 1871; § 539, code 1880.
Complainant filed an amended bill, making Hooker Cason a de-
fendant, and alleging that the deed of the state to Z. T. Cason
conferred no title upon him, for the reason that, in 1871, Mrs.
Nancy Wilson bought the land from Mrs. Burgess, complain-
ant's mother, and took possession by virtue of whatever title
she might have acquired from her, and remained in possession
until January 1, 1877, when she executed a three-year lease to

Z. T. Cason, one of the provisions of which was that he should redeem the lands which had been previously sold to the state for taxes and reimburse himself out of the rent; that Z. T. Cason failed to comply with this agreement, and, on March 15, 1878, purchased the land from the state, taking a deed thereto in his own name; that he acquired no title by this purchase, which was a mere redemption inuring to the benefit of Mrs. Wilson and the heirs of J. L. Robinson, complainant's father; that Mrs. Burgess died in 1879, and the title to the land then vested in complainant as the only heir at law of Robinson, the deed of Mrs. Burgess to Mrs. Wilson having only imparted the life estate of the former as dowress.    Complainant prayed the cancellation of both the state's deed to Cason and Fugate's deed to Mrs. Lyebrook.

The defendants answered, repeating the answers to the original bill, and relying on the statutes of limitation, already set up, by way of defense.    The evidence, though voluminous, relates chiefly to matters not discussed in the opinion, there being little controversy about the facts upon which the decision rests.    Decree for complainant, and defendant appealed.

*A. C. McNair*, for the appellant.

After his purchase from the state, in 1878, Z. T. Cason held the title as trustee *ex maleficio* for Mrs. Wilson, but did not so hold it for the complainant, whose tenant he was not, and had never been.    *Chiles* v. *Gallegher*, 67 Miss., 422; *Joor* v. *Williams*, 38 *Ib.*, 546; *Brockett* v. *Richardson*, 61 *Ib.*, 766.    He could not terminate the relation of landlord and tenant existing between himself and Mrs. Wilson, but she could, and did, by abandoning her estate for the life of Mrs. Burgess, the dowress, who had conveyed to her.    Cason did not, at the death of Mrs Burgess, become the tenant at sufferance of complainant, and the statute of limitations having begun to run at the time of his hostile assertion of title in the lifetime of Mrs. Burgess, who was of full age, it did not cease to run against complainant

at her death. Cason's possession became adverse when he bought, in 1878, and the statute ran from that date. *Holman* v. *Bonner*, 63 Miss., 131; *Meridian Land, etc., Co.* v. *Ball*, 68 Miss., 135. Z. T. Cason, after his purchase, claimed to own the land, and it was assessed to him, and his brother, J. J. Cason, who took possession at his death, was under no duty to the complainant, and not disqualified to purchase. Certainly, no privity existed between his widow, Mrs. Lyebrook, and the complainant. The case of *Robinson* v. *Lewis*, 68 Miss., 69, does not conflict with the view here presented.

*C. E. Hooker*, on the same side,

Filed a brief discussing the facts at length, and arguing therefrom that neither the appellant nor Z. T. Cason were under any disqualification to acquire the state's title.

*R. P. Willing*, for the appellee.

Z. T. Cason, by the plain terms of his lease, being under a duty to redeem the land, his purchase from the state, in 1878, operated as a redemption merely. Black on Tax Titles, §§ 145, 146, 148. The same result would have followed had there been no such provision in view of the relation of landlord and tenant. The same principle governs the title acquired by appellant from Fugate, for both she and her husband, J. J. Cason, were tenants at sufferance, and any purchase by her inured to the benefit of appellee as a redemption. *McGehee* v. *Holmes*, 63 Miss., 50. Appellee never had notice of defendant's adverse claim, nor was possession ever surrendered to her by those whose possession was permissive in its inception. *Green* v. *Mizelle*, 54 Miss., 225; *Holman* v. *Bonner*, 63 *Ib.*, 131; *Day* v. *Cochran*, 24 *Ib.*, 261; *McGehee* v. *Holmes*, *supra*. Clearly, the defendants could avail of no statutory limitation of actions. The case of *Foster* v. *Gulf Coast Canning Co.*, 71 Miss., 624, has no application to the present controversy.

WHITFIELD, J., delivered the opinion of the court.

It might be sufficient to say as to the sale on May 10, 1875, under the abatement act, that the amended bill avers that the lands were not delinquent for any year prior to 1874, and hence not of the class of lands subject to sale under that act; and that the answer to the amended bill does not deny this, and there is absolutely no proof on the subject in the record.    There would, in that view, have been no valid sale under that act. But if the sale had been valid, the purchase on March 15, 1878, by Z. T. Cason, under the facts of record, operated a redemption.    His said purchase having, when made, the character of a redemption, that character was not changed by what subsequently occurred.    The argument that, though he was a trustee *ex maleficio* as to Mrs. Wilson, her abandonment of the land, because she ascertained that she had acquired by her conveyance in 1871 from Mrs. Burgess, the dowress, only the dower interest, operated to make what had been a redemption when made, a purchase by Z. T. Cason, so as to constitute him thereafter owner, asserting adverse ownership thereunder, both as to Mrs. Wilson, Mrs. Burgess, and complainant, the owner then of the fee simple reversion in said lands, is not sound.    Z. T. Cason entered under Mrs. Wilson as his landlord, under a lease running from January 1, 1877, to January 1, 1880, and, while so in possession, received the rents and profits, and was under the duty, by contract with Mrs. Wilson, to redeem the lands from the state.    He remained in possession till his death, in 1882, never having surrendered the possession, and never, so far as Mrs. Burgess or complainant, her daughter, was concerned, having brought home to them any notice of his claim to own the land under the deed of March 15, 1878.    At the death of Mrs. Burgess, in 1879, he became the tenant at sufferance of complainant, and could neither set up such tax title nor hold adversely to her.

He was estopped, by his relation to the land, under his tenancy and possession and contract, to buy in and set up such tax

title, under the facts shown by the record. *McGehee* v. *Holmes*, 63 Miss., 50; Black on Tax Titles, § 145; *Rives* v. *Nesmith*, 64 Miss., pp. 815, 816; *Day* v. *Cochran*, 24 Miss., 261.

So far as appellants claim under this tax title, they do so as heirs of Z. T. Cason, at Z. T. Cason's death. His brother, J. J. Cason, entered into possession confessedly as his heir. Having no deed from him, and there being other heirs, and not wishing any administration on Z. T. Cason's estate, J. J. Cason allowed the lands—though in possession and receiving rents and profits —to be sold for taxes, with the purpose of acquiring such tax title, and claiming under it, while also claiming under the tax title of Z. T. Cason of date March 15, 1878, of which purpose Mrs. Cason was aware, setting it out in full in her answer to the amended bill.

Mrs. Burgess had died in 1879, and the complainant had then, at about eighteen years of age, become the owner in fee simple of the lands. J. J. Cason, however, died before consummating this scheme, in 1885, and his wife, one of the appellants, then entered into possession. One Fugate having, as is alleged, bought from the state the lands alleged to have been sold in 1882 to the state, made a conveyance of them to Mrs. Lyebrook, then Mrs. J. J. Cason, who, at the time she so received such deed, was in possession, claiming, with her son, the other appellant, as heirs of her husband, and, under him, as heirs of Z. T. Cason, under his claim above set forth. Her purchase, in her situation, was a mere redemption. It was her duty to pay the taxes. Besides, she, as well as Z. T. Cason and J. J. Cason, were tenants at sufferance to complainant. No question of right to hold against complainant by adverse ownership, on the theory that notice of such claim had been brought home to her, if tenable (possession never having been surrendered), is involved, for, from the time when complainant was a very young child until the filing of her bill, March 10, 1892, this very obscure and imperfect record furnishes no hint of her existence even, except as to her leasing in December, 1891. It

follows that, if Fugate had the state's title, the appellants took nothing under it, and this renders immaterial any consideration of the sufficiency of the testimony offered to establish the contents of that alleged deed.

In our view, therefore, none of the parties—Z. T. Cason, J. J. Cason nor Mrs. Cason—under the facts, acquired a valid tax title, and were all, after the death of Mrs. Burgess, the dowress, tenants at sufferance of Mrs. Hall, against whom they could assert no adverse possession, under the facts of this case, nor set up the statutes of limitations, embraced in § 539, code of 1880, or others claimed under. The cases cited by counsel for appellants (*Chiles* v. *Gallagher*, 67 Miss., 422; *Joor* v. *Williams*, 38 Miss., 546, and *Brockett* v. *Richardson*, 61 Miss., 766) are inapplicable. Counsel for appellee misconceives *Foster* v. *Canning Co.*, 71 Miss., 624. The opinion in that case must be applied to the case made by that record. It does not decide that, where the true owner files a bill to remove clouds, he must do so within ten years after his right to sue, when there is no adverse possession. When one has had adverse possession for the, time necessary to invest him with title (ten years), of course the other party cannot sue in ejectment, or file a bill to remove clouds. But the true owner, where there has been no such adverse possession, is not barred by the ten years statute. As there has been in this case no adverse possession, the bill is maintainable, and that, too, without reference to the testimony as to the complainant's claim of re-entry within the ten years after coming of age.

*Affirmed.*