LENA DAVIS ET AL. *v.* DANELLA PATTY ET AL.

1. DOWER. *Assignability of the right.*

     A widow's right to dower in lands of her husband, who died before the enactment of the statute abolishing dower, may be the subject of sale and conveyance.

2. SAME. *Partition. Equity practice.*

     The fact that dower in a tract of land has never been set apart will not wholly prevent partition; in such case, under a prayer for general relief, a court of equity will first set off the dower and then partition the balance of the tract.

76 Miss.—48

From the chancery court of Noxubee county.

Hon. Adam Byrd, Chancellor.

Lena Davis and others, the appellants, were the complainants in the court below; Danella Patty and others, appellees, were defendants there. The facts are fully stated in the opinion of the court.

*A. C. Bogle*, for appellants.

The contention in the court below, upon which the chancellor sustained the demurrer of defendants, was that as no dower was laid off to the widow she was entitled under the statutes in existence at the time of the death of Austin Martin to possession of the lands until such dower should be laid off, and that this right of possession passed, under the deed of trust and sale thereunder, to Mrs. Danella Patty, and that she cannot be disturbed in that right by the legal heirs. The proposition is erroneous. The right of quarantine given to the widow under the code of 1871, like the old common law quarantine, was a personal privilege merely, and not a property right that could be subject of mortgage or sale. The title remained in the heirs subject to the right of the widow to reside on the homestead until dower was laid off, but such right did not constitute a property right or interest of any kind in the widow. *Wallis* v. *Smith's heirs*, 2 Smed. & M., 224; *Ligon* v. *Spencer*, 58 Miss., 37; *Rule* v. *Broach*, 58 Miss., 552; *Barnett* v. *Meacham*, 35 S. W. Rep. (Ark.), 533.

Mrs. Patty acquired no rights from the sale under the deed of trust growing out of the statutory right of the widow to occupy the lands until dower was assigned. It was also contended that Mrs. Patty acquired the widow's right to dower in the lands. This is also erroneous. Dower before assignment is a mere inchoate right, a mere potential interest, which is not subject even to execution. *Ligon* v. *Spencer*, 58 Miss., 37.

It is a right existing in action only, and cannot be alienated.

It may be released, so as to bar the right of asserting it against the owner of the fee, but it cannot be invested in another separately from the fee. 4 Kent's Com., 61; Park on Dower, 334; *Best* v. *Jenks*, 123 Ill., 447; *Weaver* v. *Rush*, 34 S. W. Rep. (Ark.), 256. And a mortgage by a dowress, before assignment of dower, conveys no title. *Rit* v. *Dodge*, 37 At. Rep., 810.

The bill alleges that the widow had abandoned and waived all dower rights or interest she may have had, and this allegation the demurrer admits to be true. But the contention is that she could not do so. This is erroneous. Dower, like any other right that is personal to the owner, may be waived, and conduct on the part of the dowress evidencing an intention to do so will be sufficient to constitute such waiver. *Deshler* v. *Berry*, 4 Dallas, 300; *Barnars* v. *Edwards*, 4 N. H., 321; *Grant* v. *Parham*, 15 Vt., 649.

The only interest, therefore, Mrs. Patty acquired in the lands under the deed of trust was the undivided interests of James and Simon Robinson as tenants in common with appellants, and the appellants are entitled to partition of the property, and the demurrer should have been overruled.

*J. E. Rives*, for appellees.

The first question is, can a bill for partition of lands, in which there is still an outstanding unassigned dower interest, be maintained? This question has been decided in the negative. *Gilleylen* v. *Martin*, 73 Miss., 695; *Fox* v. *Coon*, 64 Miss., 465; *Wood* v. *Bryant*, 68 Miss., 198; *Ligon* v. *Spencer*, 58 Miss., 37.

The law as it existed at the time of the death of Austin Martin, to wit, in 1877, governs as to the rights of parties. Under the code of 1871, then in force, Charity Martin, the widow, became vested with a life interest in one-third of the lands of her husband, upon his death, which right then and there became a vested right. Before the death of Austin Martin, the

husband, her dower was a mere inchoate right, but, upon the death of Austin, her right became vested. *Magee* v. *Young*, 40 Miss., 164.

Under the code of 1871, § 1292, the widow was entitled to remain in possession of the dwellinghouse, outhouses, offices, improvements and plantation thereto belonging, free from molestation or rent, until her dower shall be assigned her. Code 1871, § 1292. She was not chargeable with rent until the dower was assigned. *Wood* v. *Bott*, 56 Miss., 128. The widow was under no legal obligation to have her dower assigned; if the heirs wanted it assigned, and wanted to enjoy their interest, they could have compelled an allotment of dower. Code 1871, § 1293. That a widow can sell her interest (her dower interest), and that a court of equity will protect the purchaser, is clear. *McKenzie* v. *Donald*, 61 Miss., 455; 2 Scribner on Dower, secs. 37–40, and cases therein cited.

By the trust deed and sale and purchase thereunder Mrs. Patty became entitled to the same interest owned and possessed by Charity Martin, and hence is entitled to hold the land as long as Charity Martin lives, or at least until her dower interest in the lands of Austin Martin are set apart to her.

TERRAL, J., delivered the opinion of the court.

In 1877 Austin Martin died intestate seized of an undivided one-half interest in fee in fifty-three acres of land, more or less, situated in Noxubee county, and leaving a widow, Charity, and seven children surviving him.

Dower has never been assigned to the widow, Charity Martin, who is still alive, but by means of a trust deed executed by said widow and by James and Simon Robinson, two of the children of the decedent, to Cavett, trustee for J. W. Patty & Co., and a sale thereunder, in June, 1892, Mrs. Danella Patty became the owner of the quarantine rights and of the dower rights of said Charity and of the interests of the said James and Simon Robinson in the land, and she has been in the sole

possession thereof since June, 1890, receiving the profits thereof, which are alleged to be $50 per annum.

The children of Austin Martin, deceased, and those claiming through them filed the bill in this case against Mrs. Patty and Joshua Martin, who owns the other undivided half interest in said parcel of land, to recover their several interests in the same and to have a decree for their respective shares and of their portion of the profits thereof since it has been in the possession of Mrs. Patty. The bill alleges a waiver of her dower rights by Charity Martin and her forfeiture of quarantine rights by the sale under the trust deed, and it also prays for general relief. The bill was demurred to, the demurrer was sustained, the bill was dismissed and the complainants appeal.

Mrs. Patty undoubtedly has acquired the dower interest of Charity Martin, which interest vested in her at the death of her husband, as well as the interests of James and Simon Robinson, and also the quarantine rights of Charity Martin, whatever they may be; but as to the nature and character of the quarantine right, whether it was personal, entitling her personally to the enjoyment of the rents of the land until her dower was assigned to her, or whether it was a property right capable of transfer by sale, and so passed to Mrs. Patty and she thereby acquired the land free of rent, we do not decide, as that question has not been discussed, nor was it passed upon by the court below.

But all the parties to this suit have, undoubtedly, an interest in this parcel of land, and they are entitled to have their several interests adjudicated and set off by metes and bounds to them and to be put in possession of their respective parts.

The rule that partition cannot be had until dower is assigned is not an obstruction to the relief sought, because under the prayer for general relief the dower of Charity Martin may be set off to Mrs. Patty, the purchaser thereof, and the other part of the land may be divided according to rights of the several parties holding such rights.

*Reversed and remanded.*