BENJAMIN J. BARRIER v. WILLIAM YOUNG.

[50 South. 559.]

DESCENT AND DISTRIBUTION. *Dower.  Conveyance of widow.  Life estate only passed by.*

Where the owner of land died leaving a widow and three children and the land, under the statutes of descent then (1879) in force, descended to the children, subject to the dower of the widow, a deed by her conveyed her life estate only, although it purported to convey a greater estate, and on her death the survivor of the children, having inherited from the deceased ones, was entitled to a confirmation of his title.

FROM the chancery court of Neshoba county.

HON. JAMES F. McCOOL, Chancellor.

Barrier, appellant, was complainant in the court below;

Young, appellee, was defendant there. From a final decree in defendant's favor the complainant appealed to the supreme court.

The father of the appellant died intestate in 1879, leaving a wife (who afterwards married one Ray) and three children, the appellant and two brothers, both of whom died in infancy, without issue, leaving appellant as their sole heir. At the time of the death of the elder Barrier, appellant's father, he was the owner of the land in controversy, which descended to his children, subject to the dower interest of his wife, who took a life estate only. The appellee claims title under a deed executed by the widow of decedent, the dowress, who was Mrs. Ray at the time she executed the deed.

After the death of the dowress, appellant instituted this suit to cancel the claims of appellee, who held under the deed executed by his father's widow, the dowress, as a cloud upon his title, inherited from his father and his two brothers.

*J. C. Ward,* for appellant.

B. J. Barrier, Sr., appellant's father, was the common source of title. *Briggs v. Harvey,* 68 Miss. 60; *Hill v. Nash,* 73 Miss. 849; *Jordan v. Bobbitt,* 91 Miss. 74.

The complainant has the better title from the common source. The dowress could not convey any thing more than her life estate. The statute of limitations affords appellee no defense, and this for two reasons, first, this suit was begun less than ten years before he would have been barred if the statute began running and, second, the appellee never held the lands adversely to him, nor did any other person so hold them.

*Byrd, Wilson & Richardson* and *W. M. Lewis,* for appellee.

Appellant's mother executed to Gustavus Young, the ancestor of defendant, a warranty deed, thereby obligating her estate to make good the warranty, and it appears from the testamentary devise made to Kelley for appellant that all of the estate of Mrs.

Ray was given to her son, the appellant; that he received the same on arriving at majority. Having received her property, charged with a liability to appellee on the warranty, he is estopped from asserting any claim or bringing any suit to recover the land in question, without first offering to reimburse appellee, because her property that he obtained and squandered was liable. The only authority necessary on this proposition is the maxim of equity, grown hoary with age, that "he who seeks equity must do equity." For this reason alone the decree should be affirmed.

Argued orally by *J. C. Ward,* for appellant, and by *Adam Byrd,* for appellee.

MAYES, J., delivered the opinion of the court.

The facts of this case show, beyond question, that the property involved belonged to B. J. Barrier, Sr., father of complainant, at the date of the father's death, to wit, in the year 1879. When B. J. Barrier, Sr., died, as he left no will, the only interest which his wife inherited was a dower interest; the law relative to dower then being in full force. When Albert Kelly Barrier and John Miller Barrier died, they both being under age and without issue, all their interest in this property was vested by law in the complainant. When complainant's mother, then Mrs. Ray, made the conveyance complained of in this case, she only conveyed a life interest, and, she being now dead, all this property must belong to the complainant as the sole heir, unless he is barred from setting up his claim by the statute of limitations, and the proof utterly fails to establish any such bar. The case of *Harvey v. Briggs,* 68 Miss. 60, 8 South. 274, 10 L. R. A. 62, is decisive of this case.

The chancellor having decreed the property to belong to appellee, and dismissed complainant's bill, the cause is *reversed* and *remanded.*