SARAH A. ANGLIN v. CLAUDIA A. BROADNAX ET AL.

[52 South. 865.]

1. DOWER. *Conveyance in fee by widow. Grantee's possession. When becomes adverse. Remainderman's right of action.*

   A widow, having a dower in land, can convey only her life estate therein, and her grantee taking possession under her does not hold adversely to the remaindermen until after her death, although her deed purports to convey the fee.

2. SAME. *Statute of limitations. Infancy. Code 1857, p. 398, art. 1; Code 1871, § 2147; Code 1880, § 2664; Code 1892, § 2730; Code 1906, § 3090.*

   Where a dowress assumed to convey the lands in fee and her grantee took possession under her, and at her death the remainderman was an infant, his cause of action for recovery of the land did not accrue until her death, and was not barred before the expiration of ten years after he reached majority, under Code

1857, p. 398, art. 1; Code 1871, § 2147; Code 1880, § 2664; Code 1892, § 2730; Code 1906, § 3090, providing a statute of limitations against suits for the recovery of land.

FROM the chancery court of Lincoln county.

HON. G. GARLAND LYELL, Chancellor.

Mrs. Anglin, appellant, was complainant in the court below; Mrs. Broadnax and others, appellees, were defendants there. The suit was a proceeding for the partition of lands. From a decree in defendants' favor complainant appealed to the supreme court.

The land in suit belonged to one Lewis Dunn, deceased, at the time of his death. He died intestate in 1861, leaving a widow, Rebecca Dunn, and a large number of children. The widow, Rebecca Dunn, was entitled to a dower interest in said land, but the same was never allotted to her. She was, however, following the death of her husband, in possession of the whole of the land and so remained until 1865 when she sold it to one Moore and executed and delivered to him a fee simple deed therefor. The defendants claim the land under Moore and under the fee simple deed executed by the dowress, Rebecca Dunn in 1865, and show that their possession and the possession of those under whom they claim was open, notorious and adverse to all the world from 1865 up to the beginning of this suit in 1907. Rebecca Dunn, the dowress, died in 1893. Mrs. Anglin, appellant and complainant, is a granddaughter of Lewis Dunn, deceased; her mother was Sarah Ann, daughter of Lewis Dunn, deceased, the original owner, and Sarah Ann, complainant's mother, died intestate in 1881, leaving complainant as her only heir. At the time of the death of Rebecca Dunn, the dowress, in 1893, complainant was an infant and she did not reach her majority until 1899, less than ten years before the beginning of this suit.

Complainant claimed that the deed from Rebecca Dunn, the

widow, to Moore conveyed only the life estate of the dowress; that the statute of limitations did not run against the remaindermen during the lifetime of said Rebecca, that their causes of action accrued upon and not before the death of the dowress, and that the statute did not run against complainant, even after the death of the dowress, until she had attained her majority.

*A. C. & J. W. McNair,* for appellant.

The statute of limitations of ten years did not commence to run, if operative at all, until the death of the widow, Rebecca Dunn, on the 18th day of December 1893. Under the law as it existed in November, 1865, the widow, Rebecca Dunn, was entitled to a dower estate in the landed property of her husband, Lewis Dunn, and all that passed by the deed from Rebecca Dunn to Moore was the life estate of the dowress, and the statute of limitations did not commence to run against the appellant until the termination of the dower interest by the death of Rebecca Dunn, on the 18th day of December, 1893, at which time the appellant was about fifteen years of age. The mother of the appellant died intestate in the year 1881, prior to the death of the dowress, Rebecca Dunn. The mother of the appellant, at the time of her death, could not recover her interest in the land because of the outstanding dower estate. At the time of the institution of the suit by appellant in December, 1907, ten years had not elapsed from the time when she ceased to be under the disability of infancy.

While at common law the unassigned dower is not vendible or assignable under executions, it may be assigned by contract and transferred by the deed of the dowress, it is such an interest as is subject to an equitable assignment. *McKenzie v. Donald,* 61 Miss. 452; 3 Pomeroy's Eq. Jur. (1st ed.) § 1383; *Reeves v. Brooks,* 80 Ala. 26; 14 Cyc. 964; *Lyebrook v. Hall,* 33 Miss. 509.

Where a person goes into possession of land under a deed from a widow, conveying her unassigned dower interest, his possession, as to the heirs, is not adverse. *Gosselin v. Smith,* 154 Ill. 74; *Melton v. Fitch,* 125 Mo. 281; *Colvin v. Hauenstein,* 110 Mo. 575; *Brown v. Moore,* 74 Mo. 633; *Smith v. Cunningham,* 79 Miss. 425.

*Jones & Tyler,* and *Thomas Brady,* for appellees.

The Moores evidently thought that they had a good title to the land, and the vendees claiming under them also believed that their title was good, as the testimony shows that improvements have been made on the land running up as high as $4,000 or more in value. Banks and merchants have advanced and loaned money on the land as security and abstracts have been made by attorneys and the title approved as being good and valid.

The statute of limitations began to run against the heirs of Lewis Dunn, when his widow, Rebecca Dunn, in November 1865 executed a deed in favor of Moore purporting to convey the entire estate and interest in the land, the evidence showing that the said Moore entered into the immediate possession of said land at the time of the execution of said deed.

There were two hundred and eighty acres in the tract. Under the law in force at the time of the death of Lewis Dunn, the widow was entitled to dower in the deceased husband's land which amounted to one-third of the lands to be held by her for her lifetime. Until the dower was assigned, the widow had no interest or estate in the land but only a mere right of action. In this instance dower was never assigned to the widow. She, therefore, was not a tenant for life in the lands and had only an inchoate right. 14 Cyc. 964; 10 Am. & Eng. Ency. of Law (2nd ed.) 146, 147; *Ligon v. Spencer,* 58 Miss. 37; *Rule v. Broach,* 58 Miss. 552; *Gilleylen v. Martin,* 73 Miss. 695.

A conveyance by the widow of lands in which she has unassigned dower was void at the common law and conveyed no interest which could be asserted in a court of law. Such conveyance gave to the heirs the right to bring ejectment against her vendee. *Wallace v. Smith,* 2 Smed. & M. 220; *Stiff v. Cobb* (Ala.), 28 South. 402.

It seems to be established by the overwhelming weight of authority that the heir has the right to sue in ejectment when the dowress conveys the fee and puts a stranger in possession, and the right to bring an action of ejectment sets in operation the statute of limitations, the two things coming into existence at one and the same time. Our statute is that a person may not commence an action to recover lands but within the ten years next after the time at which the right to bring the action or make the entry shall have first accrued.

WHITFIELD, C.

Under our statutes and decisions, the deed of Rebecca Dunn, dowress, executed on the 28th day of November, 1865, was effective to convey just the title she had, no more, and no less. It is utterly immaterial what she attempted to convey, or that the deed purported to convey the whole fee simple. Her grantee stood exactly in her shoes as to this complainant, and this complainant never had a right of action until the death of Rebecca Dunn in 1893. This has long been the established law of this state on the state of facts in this record. The complainant was not barred by the ten-year statute of limitations. See *Lyebrook v. Hall,* 73 Miss. 509, 19 South. 348; *Harvey v. Briggs,* 68 Miss. 60, 8 South. 274, 10 L. R. A. 62; *Griffin v. Sheffield,* 38 Miss. 359, 77 Am. Dec. 646. The distinction ingeniously sought to be drawn between these cases and the case at bar is not maintainable.

PER CURIAM. The above opinion is adopted as the opinion of the court, and, for the reasons therein stated, the decree is *reversed,* and the cause *remanded.*