JONES *et al. v.* TAYLOR.

(Division A. March 10, 1930. Suggestion of Error Overruled March 24, 1930.)

[126 So. 821. No. 28503.]

**J. D. Guyton,** of Kosciusko, for appellant.

Jas. T. Crawley and D. E. Crawley, both of Kosciusko, for appellee.

Argued orally by J. D. Guyton, for appellant, and Jas. T. Crawley, for appellee.

Smith, C. J., delivered the opinion of the court.

William T. Brunt, who died in 1862, was seized and possessed of an eighty-acre tract of land. He left surviving him his widow, a daughter, now Mrs. Taylor and the complainant herein, and a son, who died intestate leaving his sister as his sole heir. The widow's dower in the land was never set apart to her. She married Thomas S. Rhodes, and in November, 1868, she, together

with Rhodes, conveyed the land to Carter by a deed which leaves us somewhat in doubt as to whether her intention was to convey an estate in the land for her lifetime or in fee. But we shall assume for the purpose of the argument that the latter estate was intended to be conveyed. Carter entered into possession of the land and afterwards conveyed it to another, from whom, by several mesne conveyances, it came to Rhine in March, 1925, and is now possessed and claimed by him. The latter executed a deed of trust on the property to Fancher, and sold the pine timber thereon to Johnson and Magruder, who, in turn, executed a deed of trust thereon to D. S. Pate Lumber Company. Johnson and Magruder removed a portion of the timber on the land. Mrs. Rhodes died in November, 1919, and about eight years thereafter the complainant, the appellee here, brought this suit, by which she asserts title to the property as heir of her father, Brunt, and prays that the claims of Rhine, Johnson, and Magruder, and of the beneficiaries in the deeds of trust executed by them, be canceled as a cloud on her title, and that Johnson and Magruder account for the value of the timber which was cut and removed by them.

The answer of the defendants, the appellants, admitted the allegations of the bill, but denied complainant's right to recover, and pleaded the ten-year statute of limitations and title in themselves by adverse possession. The case was heard on bill, answer, and proof, and a decree was rendered in accordance with the prayer of the bill.

The appellants' contentions, in substance, are: First, that the possession of land by Carter and his grantees under the deed from Mrs. Rhodes was adverse to the heirs of Brunt, and that they have continued in the possession thereof for more than the time for perfecting their title by adverse possession; and, second, that the complainant is estopped from now asserting title to the land.

Mrs. Rhodes had only a dower interest when she conveyed the land to Carter, but her deed to him conveyed that interest, neither more nor less (French v. McAndrew, 61 Miss. 187; McKenzie v. Donald, 61 Miss. 452; Davis v. Patty, 76 Miss. 753, 25 So. 662), and his possession of the land, as well as that of the grantees, was not adverse to the heirs of Brunt during the widow's lifetime, and on her death their possession was that of a tenant at sufferance and continued to be in subordination and not adverse to the appellee. Harvey v. Briggs, 68 Miss. 60, 8 So. 274, 10 L. R. A. 62; Lyebrook v. Hall, 73 Miss. 509, 19 So. 348; Barrier v. Young, 96 Miss. 160, 50 So. 559; Anglin v. Broadnax, 97 Miss. 514, 52 So. 865; Thomasson v. Kinard, 153 Miss. 398, 121 So. 109. But it is said by counsel for appellants that these cases were erroneously decided for the reason that they failed to take into consideration section 7, article 39, of chapter 36, Revised Code of 1857, under which, according to his contention, the deed of Mrs. Rhodes was void and Brunt's heirs immediately upon its execution had a right to re-enter and possess the land, from which the argument is that the statute of limitations began to run against the complainant when she became twenty-one years of age. Article 40 of the same chapter and section of that Code provides that "this act shall . . . preclude any such woman, being sole, or married, after the death of her first husband, from conveying, . . . such lands, tenements or hereditaments for term of her life only, according to the course of the common law." While the court did not cite either of these statutes, in French v. McAndrew, McKenzie v. Donald, and Davis v. Patty, supra, it seems clear that the decisions rest on the court's conception of the common-law power of a doweress to convey her dower interest in land; at all events, those decisions have been too long acquiesced in for the rule of property they establish to be now reconsidered.

The appellants' answer to the bill of complaint contains no allegation of an estoppel against the complain-

ant, or of those facts on which an estoppel can be based. The contention is made on disclosures by the complainant when testifying in her own behalf. Her cross-examination reveals the fact that she always lived near the land, knew of the deed from her mother to Carter, of the character of his possession, of the subsequent deeds to the land, and the character of the possession of the grantees therein. The contention is that an estoppel, though not pleaded, may be invoked if the facts on which it can be predicated appear from the evidence. Whether the appellants are here invoking a technical estoppel or the doctrine of laches is not clear, but, in either case, the contention cannot here prevail, for, assuming for the purpose of the argument that the defense was not waived by not having been pleaded, it does not appear from this record that it was called to the attention of the court below in any manner, and therefore the court was not called on to decide it.

Affirmed.