EDGAR G. BAKER ET AL. v. WILLIAM P. RICHARDSON.

[50 South. 447.]

1. LAND AND CONVEYANCES. *Life estate. Termination. Outstanding titles.*

Where a deed conveyed a life estate in lands with remainder to the grantor's heirs and all the parties to the suit for partition held in subserviency to the deed, they cannot defeat the title of the heirs, after termination of the life estate, by setting up an outstanding title.

2. SAME. *Tenants in common. Rights of tenants inter se. May not assert strangers' rights.*

The same policy of the law which prevents one tenant in common from buying up and successfully asserting as his own an outstanding title against his co-tenant appertains when a co-tenant seeks by showing the true title in another to defeat another co-tenant of any right which the latter may undertake to assert.

FROM the chancery court of Bolivar county.

HON. MANUEL E. DENTON, Chancellor.

Baker and others, appellants, were complainants in the court below; Richardson, appellee, was defendant there. The suit was for partition of lands. From a final decree in defendant's favor the complainants appealed to the supreme court. The facts are sufficiently stated in the opinion of the court to present the question of law decided.

*Sillers & Owen, E. N. Thomas,* and *Alexander & Alexander,* for appellants.

*Campbell & Cashin,* for appellee.

[The briefs of counsel could not be found by the reporter, hence no synopses of them are given in this report.]

MAYES, J., delivered the opinion of the court.

By an instrument bearing date October 17, 1859, signed, acknowledged, and delivered on the 18th day of October, 1859, recorded in Adams county on the 31st day of October, 1860, and in Bolivar county on the 6th day of December of the same year, Amos Alexander, the common source of title, made what we have no hesitation in declaring to be a deed, conveying to his daughter, Eliza Jane Gray, a certain tract of land therein described "for and during her natural life, and then to her children, if any, and in default of children or child then to his lawful heirs forever." The language of this deed is so plain in its declaration that only a life estate was conveyed thereby that none but the willfully blind could have been deceived by it. In default of any child or children being born to Mrs. Gray, the grantor in the deed declared that it should be the property of his lawful heirs at the death of Mrs. Gray; and since she had no children, and the complainants are the lawful heirs of the grantor, and Mrs. Gray died in 1906, the declared purpose of the deed should be carried out, and the lawful heirs of the grantor should have this property, unless there has been some intervening cause diverting the title from the parties to whom it was originally deeded and thwarting the intent of Amos Alexander when he made the deed. All moral right is with the complainants in this bill, and they should and shall prevail, unless some rule of law compels a decision otherwise.

It is manifest from the record that all intermediate titles to this land, now claimed and asserted by any party to this record, were taken in subserviency to the deed made by Amos Alexander to Mrs. Gray. This being the case, no outstanding title can be set up to defeat the just claim of the complainants as owners of the land, whether the party attempting to set up such outstanding title asserts it as owner, or merely attempts to show that it exists and is owned by another. In the

case of *Cooper v. Fox,* 67 Miss. 237, 7 South. 342, where a petition was filed for partition, this court did say that, if the petitioners failed to show that they had title by reason of the fact that there was an outstanding valid title held by another, such want of title would be fatal to their suit; but the decision of the court in that case was based on facts which showed that the parties setting up the outstanding title never claimed the land in subserviency to the common source, but in hostility to same at the very time that possession was taken by the adverse claimants. The same policy of the law which prevents one tenant in common from buying up and successfully asserting as his own an outstanding title against his co-tenant appertains when a co-tenant seeks to defeat another co-tenant in any right which he may undertake to assert, by showing the true title in another.

The decree of the chancery court is reversed and the cause remanded.                                        *Reversed.*