AMOS. ALEXANDER *et al. v.* W. P. RICHARDSON.

[64 South. 217.]

1. DEEDS. *Estate conveyed. Grantees.*
    Where a father by deed gave to his daughter certain lands for life and to her children, if any, and in default of children, then to his lawful heirs forever, the deed to take effect at the grantor's death, in such case the sons of the grantor at his death took at least a possibility, coupled with an interest, which they could convey.

2. SAME.
    The ascertainment of who were the heirs of the donor under such a deed must be referred to the time of his death, and not to the time of the death of the life tenant.

APPEAL from the chancery court of Bolivar county.
HON. M. E. DENTON, Chancellor.

Suit by Amos Alexander and others against W. P. Richardson. From a judgment dismissing the petition, complainants appeal.

The facts are fully stated in the opinion of the court.

*Sillers, Owen & Sillers,* attorneys for appellants.

*Campbell & Cashin,* attorneys for appellee.

REED, J., delivered the opinion of the court.

On October 17, 1859, Amos Alexander executed a deed whereby he made disposition of certain of his property. The following is the provision in the deed showing the transfer of land, which included the tract involved in this case: "And I do by these presents give and bequeath unto my daughter, Eliza Jane D. Gray, for and during her natural life, and to her children, if any, and in default of child, or children, then to my lawful heirs forever. (This gift to take effect at my death.)" He died in 1860, leaving surviving him three sons, Virgil Alexander, Austin Alexander, and Amos Alexander, and two daughters, Eliza Jane D. Gray and Laura Baker. On November 16, 1861, the three sons of the donor by duly executed deed conveyed to their sister, Eliza Jane D. Gray, the life tenant, all of their right, title, and interest in the land acquired by them through the deed from their late father. We quote as follows from the conveying clause in their deed, "Do bargain, sell, convey, and confirm unto the party of the second part our right, title, and interest in remainder or reversion granted and conveyed to us by our late father, the said Amos Alexander, by deed of gift dated October 17, 1859." After giving the description of the land, the grantors continue: "The object and purpose hereof being to sell and convey all of our right, title, and interest, as remaindermen or heirs

at law of the said Amos Alexander, deceased, to our said sister, the said party of the second part, as fully and effectually as the same was conveyed to us,'' etc. Mrs. Eliza Jane D. Gray, the life tenant, died childless on March 3, 1906. In 1907 the children and grandchildren of Mrs. Laura Baker, deceased, who, it seems, never conveyed her interest in the land, filed their bill for partition of the land against William P. Richardson, appellee herein, claiming that they were the owners of an undivided one-fourth interest in the land, the other undivided three-fourths was owned by appellee. From a decree in appellee's favor the Baker heirs prosecuted a successful appeal to this court. The decree of the chancery court was reversed and the cause remanded. See *Baker* v. *Richardson,* 96 Miss. 394, 50 So. 447. The chancery court thereupon ordered a partition of the land in controversy between the Baker heirs and appellee. The commissioners, who were appointed to divide the land in kind, reported that a just and equal partition in kind could not be made, and that a sale and division of the proceeds would better promote the interest of the parties. At this point in the proceedings a petition was presented by the appellants in the present appeal, asking that they be joined as parties complainant in the cause, and be permitted to assert their interest in the land. Appellants are the grandchildren of Amos Alexander, the donor, and the children of Austin Alexander and Amos Alexander, sons of the donor who were two of the grantors in the deed to Mrs. Gray, made November 16, 1861, both of whom died intestate prior to the death of Mrs. Gray. They showed in their petition that Virgil Alexander, the other son of the donor, died intestate and childless before the death of Mrs. Gray. They claimed in their petition that the deed executed to Mrs. Gray by her three brothers was void and of no effect, and did not operate to convey the reversionary rights of petitioners as the lawful heirs of their grandfather at the death of

Mrs. Gray, the life tenant, without child or children. They denied that appellee owned an undivided three-fourths interest in the land. Appellee answered the petition, and denied that petitioners, the Alexander heirs, ever acquired title to the land through the deed made in 1859 by their ancestor, Amos Alexander, deceased. We take the following from the brief of counsel for appellee to show the special defense in the case which we are now considering: "That the sons and daughters of Amos Alexander, the donor, who were living at the time of his death, alone, were entitled to said land, as ulterior limitees in said deed, and that the conveyance by said Virgil Alexander, Austin Alexander, and Amos Alexander, in 1861, to their sister, the life tenant, vested in her the whole interest in said land, except as against said Laura Baker, daughter of the donor, who never conveyed away her interest, and that consequently the Alexander heirs never acquired any title to, or interest in, said land." On the final hearing the chancellor denied the relief sought by petitioners and dismissed their petition, and from that decree this appeal is prosecuted.

The question for our determination is, Did the three sons of Amos Alexander in 1861, when they executed their deed to their sister, Mrs. Gray, own such right, title, and interest, in the land as could be alienated by them?

The entire estate was in Amos Alexander, the ancestor, when he disposed of his property by deed in 1859. He then conveyed a life estate in the land to his daughter, Mrs. Gray, at the same time reserving to himself the title therein and enjoyment thereof until his death. The fee was given to Mrs. Gray's children, if any. If she died without children, or child, then the donor provided in the deed that the fee should go to his heirs.

Appellants contend that the words "lawful heirs" were intended to include the heirs of Mr. Alexander who were living at the time of the death of Mrs. Gray, the life

tenant, and not those living when he died.   The conten-
tion of the appellee is:   (1) That the provision in the
deed, making the donor's heirs the ulterior limitees, was
void because he could have no heirs while living, and be-
cause it is a settled rule at common law that a person
could not make a conveyance or devise of the same estate
in lands which his heirs would take by descent, directly
or by way of remainder to such heirs, for the reason
that an estate by inheritance was esteemed to be of higher
dignity; (2) or if such provision was valid by virtue of
the "two donee" statute in this state (section 2765, Code
of 1906), that the words "lawful heirs" referred to and
included those of the donor's heirs who were living at
the time of his death, and that at all events upon his
death the ulterior limitation provided in the deed vested
at once in his sons and daughters.   If appellee's first
contention is right, then the sons when they executed the
deed had a right, title, and interest in the land by way
of reversion.   Under the second contention they would
be remaindermen.   We note in their deed that they trans-
fer all their right, title, and interest "in remainder or
reversion," and they also state therein that they convey
all of their right, title, and interest "as remaindermen
or heirs at law of Amos Alexander."   We also note in
the petition filed by appellants that it is stated that the
interest which the three sons attempted to convey was
their interest in remainder or reversion," and, further,
in the petition the rights of appellants in the land is re-
ferred to as their "reversionary rights."   It is unneces-
sary for us in this consideration to determine which of
the two views of the law presented by counsel for the ap-
pellee is correct, for it appears to us that the three sons
of the donor, upon the death of their father, owned right,
title, and interest in the land which they could transmit
by deed during the lifetime of the life tenant, and that
this is so whether we term them reversioners or remain-
dermen.   They had more than a bare possibility; they

had also an interest. At the very least they had a possibility coupled with an interest which, under the law, may be transferred to another. Even though it was uncertain whether, during the life estate of Mrs. Baker, their interest would be divested by her death leaving children or child, still it was capable of sale and transfer by them.

The ascertainment of who were the heirs of the donor must be referred to the time of his death, and not to the time of the death of the life tenant. No contrary intention appears in this case. When their father died the three sons took, as his heirs, an interest in his estate. This was subject to be defeated by the death of Mrs. Baker, the life tenant, leaving issue. This did not happen. The estate which they received upon the death of their father was never defeated or changed. Appellants were not heirs of the donor, Amos Alexander, when he died. Their fathers, the donor's heirs, were heirs. They conveyed their right, title, and interest. Appellants, the children, never acquired any right, title, or interest in the land in controversy. The chancellor did not err in dismissing their petition.

*Affirmed.*