THOMASSON *et al. v.* KINARD.*

Division A. March 11, 1929.)

[121 So. 109. No. 27759.]

*Corpus Juris-Cyc References:  Estates, 21CJ, section 125, p. 975, n. 57; p. 976, n. 59.

*Thos. G. Hopkins,* for appellants.

*E. M. Livingston*, for appellee.

McGowen, J.   J. S. Kinard, Jr., appellee, filed his bill in the chancery court of Winston county against W. H. and R. L. Thomasson, Mrs. R. N. Crumpton, and Mrs. R. F. Baker, appellants, in which he sought to have his title quieted in and to certain lands in Winston county, basing his title upon a certain warranty deed from his mother and a claim of adverse possession as against appellants.

Appellants, in their answer, set up that the warranty deed relied upon by appellee from his mother was executed by her to him while she had only a life estate in the said lands, and that only a life estate was conveyed thereby, and denied that appellee's holding over after the termination of the life estate constituted adverse possession.

The court below sustained the bill, and entered a decree quieting and confirming the title of the appellee; hence this appeal.

The essential material facts are as follows: John J. Thomasson, in 1872, died seized and possessed of the lands here in controversy, and other lands in said county and state. At the time of his death, he was married to and living with Mrs. Rebecca Thomasson. The answer does not state that the appellants were the children of

John J. Thomasson, but we think it is undisputed in the briefs that the evidence shows that they were his children and heirs at law. As no point is made regarding this, we shall consider the case as submitted in the briefs, as we assume that the probate court assigned dower to Mrs. Thomasson under the provisions of section 1281, Rev. Code of 1871.

The evidence further shows that, in 1874, the probate court of that county assigned to Mrs. Thomasson the lands in controversy as her dower, and that she went into possession there, which record of the assignment of dower was introduced in the lower court, but not copied by the clerk in the record. Counsel have treated the record before us as though this had been done, and, no point being made here, we shall so regard it.

About two years later, Mrs. Thomasson married J. S. Kinard, Sr. The appellee, J. S. Kinard, Jr., was the child of this union. In 1898, Mrs. Rebecca Thomasson Kinard executed a warranty deed, for a consideration of one hundred dollars, conveying the lands in controversy to J. S. Kinard, Jr. This deed purported to convey the absolute fee-simple title to the appellee. In 1911, Mrs. Rebecca Thomasson Kinard, the life tenant, died, and thereafter J. S. Kinard, Jr., the appellee, held over and continued to occupy and to use the land for farming purposes, as he had done previous to Mrs. Kinard's death, until suit was brought by him in 1927.

We do not set forth the evidence as to the character of possession, assuming that the chancellor held that appellee's possession was open, notorious, and exclusive.

This record then presents two questions for decision: (1) What was the character of the holding of J. S. Kinard, Jr., the appellee, after his mother, the life tenant, died; and (2) may he acquire title by adverse possession, there being no showing of actual ouster or as to any change of his continued occupation of the land?

If appellants are to be deprived of their land, appellee's title must be by virtue of the statute relative to adverse possession of lands. Hemingway's Code 1927, sections 2628, 2629, and 2632 (sections 3090, 3091, and 3094, Code 1906).

The court below evidently based its decree for appellee upon the case of *Peeples* v. *Boykin,* 132 Miss. 359, 96 So. 177, wherein this court held that, where one cotenant goes in possession of lands by virtue of a deed from another cotenant, and places the deed on the deed records of the county where the land lies, showing title on its face to himself in fee, and reciting that the grantors and grantee constituted the sole heirs at law of the original owner of the land, such deed is notice to the world of the claim shown by its recital; and, if after such record possession is held adversely and uninterruptedly for more than ten years, full title is vested in the person in possession against his cotenant. This case, in our opinion, merely holds that one cotenant dealing with another cotenant, as against others, may convey to him by deed, asserting the rights so to do in express terms, and such deed will constitute color of title upon which uninterrupted, continued, adverse, and hostile possession for the statutory period will vest the title in the grantee.

In the case at bar there are no tenants in common involved. It is a question of ownership between the grantee of the life tenant and the remaindermen. In our opinion, it is firmly fixed by the decisions of our court, and a settled rule of law, that the grantee of a life tenant holding over after the death of said life tenant becomes a tenant at sufferance of the heirs at law, the remaindermen. It was so held in *Day* v. *Cochran,* 24 Miss. 261; *Griffin* v. *Sheffield,* 38 Miss. 359, 77 Am. Dec. 646, and *Barrier* v. *Young,* 96 Miss. 160, 50 So. 559. In the latter case it was also held, and authorities are there cited, that a life tenant who undertakes to convey a fee-simple es-

tate when he only has a life estate conveys only the estate of which he is seized, no more and no less, though the deed purports to convey a larger estate.

Having concluded that the appellee was the tenant at sufferance of the appellants in this case, the remaindermen, the question is, May the tenant at sufferance set up a hostile claim of adverse possession based simply upon possession? We answer this question in the negative, though the authorities elsewhere are not in agreement with the past decisions of our court.

The appellee, Kinard, Jr., can only rely upon the deed executed by the life tenant to him as constituting an ouster, or a notice to the remaindermen, the appellants, and we must say, in answer to that proposition, that such deed is only lawful notice of its meaning, and legally it only gave notice of a life estate, or the dower interest of the widow. This precise question was presented to this court in the case of *Day* v. *Cochran*, 24 Miss. 261, in which it was held that a tenant holding over is a tenant at sufferance, citing 2 Black Comm. p. 147, and other authorities. On the same question, Chief Justice SMITH, here said:

"These parties, as we have seen, went into possession originally under a contract for the purchase of the property, and afterwards took a deed in fee-simple, but which in fact conveyed only the interest of Haile, Phipps, and Gibson, who had but a life estate in the premises. Haile and Phipps dying, they continued in possession of the whole of the property, still claiming it as their own. But we apprehend that this does not amount to an adverse possession, much less could it be construed into a disseisin of the reversioners, unless they had elected to consider it so. It is well settled that, where a party has gone into possession of lands under a lawful title, and, after his right has expired, holds over, his possession, thus continued, will not be regarderd as adverse to the party entitled to the reversion. 'For being once in by a lawful

title, the law, which presumes no wrong in any man, will suppose him to continue upon a title equally good.' 2 Black. Com. 149, 150; *Varick* v. *Jackson*, 2 Wend. [N. Y.] 166 [19 Am. Dec. 571]; *Jackson* v. *Cairns*, 20 J. R. [Johns, (N. Y.)] 301; *Doe* v. *Hall*, 2 Dow. & Ry. 38. Holton and Barlow, holding over after the death of Haile and Phipps, became tenants at sufferance. Their possession was not tortious as regarded the true owners of the reversion, and was consequently not adverse or hostile to their right. 2 Black, 150; 2 J. R. 301.''

This view was approved in the cases of *Griffin* v. *Sheffield*, 38 Miss. 359, 77 Am. Dec. 646, and *Harvey* v. *Briggs*, 68 Miss. 60, 8 So. 274, 10 L. R. A. 62.

A grantee of a life tenant, holding by virtue of a fee-simple deed from the life tenant, and at the termination of the life estate continuing to hold over the lands conveyed, does not hold adversely to the life tenant. The holding is not tortious, but is consistent with the title of the remaindermen, and, in the absence of actual ouster, or that which is its equivalent, being a tenant at sufferance, he cannot invoke, as against the remaindermen, the ten-year statute of limitations so as to defeat their right to possession of, and title in, the land so held.

*Reversed, and bill dismissed.*