MAGEE *et al. v.* MOREHEAD *et al.*

(Division B.   Sept. 30, 1929.)

[123 So. 881.   No. 27990.]

*James McClure, Jr.,* of Sardis, for appellant.

*Lamb & Johnson,* of Batesville, for appellee.

Griffith, J., delivered the opinion of the court.

On the 6th day of September, 1887, A. J. Magee, then the owner of the land here in question, conveyed an estate therein to his daughter, Roena Magee Smith; the deed in its operative words of conveyance reading as follows: "I hereby sell and convey to her (Mrs. Roena M. Smith) during her natural (life) and to the heirs of her body and to my natural heirs should she die without living issue," etc.

It is the contention of appellant that the estate created under this deed was a contingent remainder of a double aspect, and that the time for ascertaining the class to receive the remainder, the life tenant having died without issue, is at the date of the death of said life tenant, and not the date of the death of the grantor; and appellant has submitted a wealth of authority from the text-books and from the decisions in other states to sustain his position. It is clear, however, that this exact point has been decided adversely to the contention of appellant in *Alexander et al.* v. *Richardson,* 106 Miss. 517, 64 So. 217. That decision has now become a rule of property, and not being mischievous in its operation or effect, we cannot overrule it. *Forest Product Co.* v. *Buckley,* 107 Miss. 897, 66 So. 279; *Webb* v. *Railroad Co.,* 105 Miss. 175, 62 So. 168.

*Affirmed.*