HAYS, et al. *v.* COLE, et al.

June 14, 1954

No. 39259 67 Adv. S. 59 73 So. 2d 258

*James Stone & Sons,* Oxford; *James B. Boyles,* Batesville, for appellants.

*James McClure, Herbert M. Fant,* Sardis, for appellees.

APPELLANTS IN REPLY.

McGEHEE, C. J.

This is a suit brought by the appellees, Floyd Cole and others, as children and grandchildren of John A. Cole, deceased, to cancel as clouds upon their title to the SW¼ of Section 35, Township 9, Range 8 West in Panola

County, Mississippi, the adverse claim of title asserted by the appellants, Mrs. Helen T. Hays and others, the source of which originated in the foreclosure of a deed of trust given by Willie Cole on February 27, 1904, and under which the land was sold to the Bank of Batesville on February 6, 1905. There was no plea of adverse possession by the defendants, and there was no proof offered to show that they had been in possession of the land for a sufficient length of time to acquire title by reason thereof, since the claim of title by the complainants did not originate until Willie Cole "died without issue" on the 6th day of December 1951.

There was filed as an exhibit to the bill of complaint the last will and testament of James Monroe Cole, and which was executed on August 5, 1891. The testator died on October 3, 1891. The will which was on the same day duly admitted to probate and placed of record, had willed and bequeathed "to my old and faithful servant, Dicy Cole, for and during her natural life" an 80-acre tract of testator's land. The instrument then contained a provision to the effect that: "Whereas, my life has been a lonely one and owing to my feeble physical condition for some time past, I have felt the necessity of constant attention and association, and whereas, John A. Cole * * * and Willie Cole * * * have been raised by me and have ever been obedient and faithful to me, it is my special will and desire that they shall be well provided for out of my estate, and whereas I have already given considerable property to John A. Cole, I now will and bequeath to the said Willie Cole the following real estate situated in the 2nd Court Dist. County of Panola and State of Mississippi, to-wit: the Southwest quarter of Section Thirty-five, Township Nine, Range Eight, and, upon the death of Dicy Cole, also the South half of the Northwest quarter of said Section, Township and Range."

The 4th Paragraph of the will reads as follows: "I will and bequeath all other property of every kind and de-

scription which I may own at the time of my death, and not specifically disposed of, to John A. Cole and Willie Cole in equal portions."

The 5th Paragraph of the will reads as follows: "I direct that in case of the death of Willie Cole without issue that all property which he may have received from my estate shall go to John A. Cole in fee simple."

Neither John A. Cole nor Willie Cole were related by blood to the testator. The former was then an adult and the latter a minor. John A. Cole died during the year 1905, whereas Willie Cole did not die until December 6, 1951. John A. Cole left surviving him his wife and three children. Thereafter his wife and one of his children died, leaving two children and the children of a deceased child as the sole heirs-at-law of John A. Cole, deceased, at the time of the death of Willie Cole on December 6, 1951. The record is silent as to whether Willie Cole left a wife surviving him, but it is conceded that he left no children.

In the meantime the appellants, Helen T. Hays and others, had acquired such title to the land as may have passed to the Bank of Batesville on February 6, 1905, by the foreclosure sale under the deed of trust given on the land by Willie Cole on February 27, 1904.

It is contended by the complainants, children and grandchildren of John A. Cole, as aforesaid, that upon the death of the testator James Monroe Cole on October 3, 1891, there became vested in John A. Cole such an interest in the land received by Willie Cole from the estate of the testator as to entitle him to have received under the will the remainder in fee at such time as Willie should die without issue, and that this right descended to the heirs-at-law of John A. Cole when he died during the year 1905, some forty-six years prior to the death of Willie Cole, who was admittedly without issue. In other words, they contend that John A. Cole died seized and possessed of a vested interest in the contingent remainder created by the will as to the lands devised to Willie Cole.

On the other hand it is contended by the defendants, who claim by mesne conveyances through the foreclosure sale of the deed of trust given by Willie Cole on February 27, 1904, that upon the death of John A. Cole some time during the year 1905, the contingent remainder lapsed for want of a taker and that thereupon Willie Cole became vested with an indefeasible fee simple title, whereas he had been vested with a defeasible fee up to the date of the death of John A. Cole. This contention overlooks the fact that it was the contingency of the death of Willie Cole without issue whenever such death should occur that rendered his title to the land defeasible under the terms of the will, and not the contingency of whether John A. Cole should predecease or survive him. Moreover, it is generally true in case of a lapsed devise that the land would descend to the heirs-at-law of the testator as intestate property.

Section 837, Code of 1942, provides, among other things, that: ''Every contingent limitation in any conveyance or will made to depend upon the dying of any person without * * * issue * * * shall be held and interpreted as a limitation, to take effect when such person shall die not having such * * * issue * * * living at the time of his death, or born to him within ten months thereafter, unless the intention of such limitation be otherwise expressly and plainly declared on the face of the instrument creating it.''

We are of the opinion that the primary purpose of the above quoted statute was to make as the test the question of whether the person dying without issue had left issues surviving him at the time of his death, or issue born to him within ten months thereafter, instead of whether or not the person referred to may have at one time subsequent to the execution of a will in his favor have had an issue which had predeceased such a beneficiary. For instance, it was suggested by one of the attorneys for the appellants during the trial of the case

that Willie Cole at one time had a child who predeceased him, but no proof was offered to sustain such fact and ▬▬ we now construe this statute to mean that the limitation therein mentioned would take effect to defeat the defeasible fee of Willie Cole in the land if he died not having issue "living at the time of his death, or born to him within ten months thereafter," and that therefore, the fact, if such were the fact, that he at one time had a child who predeceased him would be immaterial and that the estate bequeathed to him under the will was terminated when he died without issue "living at the time of his death, or born to him within ten months thereafter." In the case of Balfour v. Wells, et al., 183 Miss. 707, 183 So. 392, the Court in its opinion did not deal with the effect of the statute now under consideration.

▬▬ In 31 C. J. S. 100, Estates, Section 88, Paragraph c, it is said: "It has been broadly held that a contingent remainder, no matter on what the contingency depends, is subject to conveyance by deed, or to transfer, assignment, or, when clothed with its usual attributes, alienation; but under other authority a contingent remainder cannot be the subject of sale, and cannot be transferred or conveyed by deed or common-law conveyance; and it has been said that alienability is not a necessary attribute thereof. More precisely, a contingent remainder is alienable when the remainderman is ascertained and the uncertainty which makes it contingent is in the event on which it is limited to take effect, because in such case the possibility is coupled with an interest, but the interest transferred is subject to the same contingencies in the hands of the transferee as it would have been had it not been transferred. On the other hand, if the remainderman is not ascertained, there is not a possibility coupled with an interest but only a bare possibility which is not subject to sale or transfer, according to some authorities, although according to other decisions, contingent remainders are alienable whenever the remainderman is

in being.'' In the instant case, the remainderman was ascertained and in being at the death of the testator.

In the case of Patterson's Estate, 247 Pa. 529, 93 A. 608, Ann. Cas. 1917B, 1243, it was held that a gift to one for life, remainder in fee to his children, or issue, heirs, etc., with the provision that if he dies without children, etc., the property is then to be given to named or definitely designated persons, gives such named or definitely indicated persons an estate in remainder in which the contingency is not attached to the capacity of the remaindermen to take, but to an event independent of their capacity to take or to transmit the right to their representatives. In event of the death of the life tenant without children, etc., the representatives of a remainderman who predeceased the life tenant take the share of such remainderman.

In the case of Alexander, et al. v. Richardson, 106 Miss. 517, 64 So. 217, it appears that on October 17, 1859, Amos Alexander conveyed certain land to his daughter, Eliza Jane Gray, for and during her natural life, and to her children, *if any,* and ''in default of child, or children, then to my lawful heirs forever.'' Alexander the testator died in 1860, leaving surviving him three sons and one daughter other than the grantee, Eliza Jane Gray. On November 16, 1861, the three sons executed a deed to their said sister Eliza Jane Gray, the life tenant, of ''all of their right, title, and interest in the land acquired by them through the deed from their late father.'' (Reference is made to the deed from their father to Eliza Jane Gray.)

In their deed to their sister, the three sons recited that we ''Do bargain, sell, convey and confirm unto the party of the second part our right, title, and interest in remainder or reversion granted and conveyed to us by our late father, the said Amos Alexander, by deed of gift dated October 17, 1859.'' Their deed further recited: ''The object and purpose hereof being to sell and convey

all of our right, title, and interest, as remaindermen or heirs at law of the said Amos Alexander, deceased, to our said sister * * * .'' Mrs. Eliza Jane Gray, the life tenant, died childless on March 3, 1906. In 1907 the children and grandchildren of her sister, Mrs. Laura Baker, deceased, who it seems never conveyed her interest in the land, filed their bill for partition of the land against Richardson, claiming that they were the owners of an undivided one-fourth interest in the land in question. From a decree in Richardson's favor, the Baker heirs prosecuted a successful appeal to this Court. The decree of the chancery court was reversed and the cause remanded. Baker v. Richardson, 96 Miss. 394, 50 So. 447. Thereupon a partition of the land was ordered by the chancery court but the commissioners appointed for that purpose reported that a just and equal partition in kind could not be had, etc. At this point in the proceedings, a petition was presented by the grandchildren of Amos Alexander, the testator, the said grandchildren being the children of two of his sons, asking that they be joined as parties-complainant in the cause and be permitted to assert their interest in the land. They claimed in their petition that the deed executed to Mrs. Gray by her three brothers was void and of no effect, and did not operate to convey the reversionary rights of petitioners as the lawful heirs of their grandfather at the death of Mrs. Gray, the life tenant, without child or children. Among other things, the Court said: ''The question for our determination is, Did the three sons of Amos Alexander in 1861, when they executed their deed to their sister, Mrs. Gray, own such right, title, and interest, in the land as could be alienated by them?''

The Court outlined the theories advanced and then concluded that: ''It appears to us that the three sons of the donor, upon the death of their father, owned right, title, and interest in the land which they could transmit by deed during the lifetime of the life tenant, and that

this is so whether we term them reversioners or remaindermen. They had more than a bare possibility; they had also an interest. At the very least they had a possibility coupled with an interest which, under the law, may be transferred to another. Even though it was uncertain whether, during the life estate of Mrs. Baker, (evidently meaning Mrs. Gray) their interest would be divested by her death leaving children or child, still it was capable of sale and transfer by them.''

The Court further stated in concluding its opinion that: ''When their father died the three sons took, as his heirs, an interest in his estate. This was subject to be defeated by the death of Mrs. Baker, (evidently meaning Mrs. Gray, as aforesaid) the life tenant, leaving issue. This did not happen. The estate which they received upon the death of their father was never defeated or changed.''

It is true that in the instant case John A. Cole did not take as an heir upon the death of the testator James Monroe Cole since he was not related to him. But he did take the remainder in the land devised and bequeathed to Willie Cole subject to be defeated by the death of Willie Cole, the life tenant, leaving issue. His vested interest in the remainder was never defeated by Willie Cole dying with issue. It remained vested at the death of John A. Cole, since it thereupon descended to his heirs-at-law, and was never defeated by the subsequent death of Willie Cole with issue.

We are of the opinion that while the foregoing decision of our Court is based on a somewhat different factual situation, the reasoning contained in the opinion is more persuasive in favor of the heirs of John A. Cole in the instant case than that of any other case cited in the briefs of counsel or found by us as a precedent of our Court to follow in deciding the question before us. But cf. White v. Inman, 212 Miss. 237, 54 So. 2d 375, 30 A. L. R. 2d 380 (1951), and Magee v. Morehead, 123 So. 881 (Miss. 1929).

If John A. Cole acquired a vested interest in the lands bequeathed to Willie Cole, subject to be divested only by the contingency of Willie dying and leaving issue, then it was such an interest as could have been sold under execution against him during his lifetime, and such as could have descended to his children and grandchildren upon his death, subject to be defeated only by the same contingency that Willie Cole might later die and leave issue.

In 33 Am. Jur. 544, Paragraph 88, it is said: "The character of an estate as vested or contingent does not depend upon the defeasibility or indefeasibility of the right of possession: for many estates are vested without possession as well as with, which are yet defeasible. If there is a present right to a future possession, though that right may be defeated by some future event, contingent or certain, there is nevertheless a vested estate. Not every estate in remainder which is subject to a contingency or condition is a contingent remainder. The condition may be precedent or subsequent. If the contingency or condition is precedent the remainder cannot vest until that which is contingent or a condition has happened or been performed. If, on the other hand, the estate is limited on a contingency to which the effect of a condition subsequent is given, the estate vests at once, subject to be defeated by the happening of the contingency or condition. Consequently a vested remainder may be either absolutely or defeasibly vested. A vested remainder may be determinable upon the happening of a contingency, in which case it is said to be vested, subject to being divested on the happening of a contingency subsequent, and this will not affect its vested character, for a remainder is none the less vested because it is liable to be divested or destroyed, for example, a remainder is not made contingent by the fact that the interest of the remainderman may be divested by his death before the death of the life tenant, or before reach-

ing majority. And an estate in remainder may vest in one person subject to be divested in favor of another.''

 In 57 Am. Jur. 820, Paragraph 1239, it is said, among other things, that: ''If the testator's intention was that the gift over should take effect upon the primary beneficiary's death without issue whenever that might occur, such beneficiary takes, at the testator's death, a determinable fee in the subject of the gift, subject to defeasance upon his subsequent death without issue.''

 Since it is well-settled that the law favors the vesting of estates or interests, and that any doubt as to whether the testator so intended should be resolved in favor of the vesting at the death of the testator of any right conferred upon any beneficiary named in the will, even though the enjoyment of such right is to be postponed until the happening of any event or contingency therein mentioned, we are constrained to hold that John A. Cole acquired at the death of the testator a vested interest in the contingent remainder, which was subject to be divested only by the subsequent death of Willie Cole at any time with issue surviving him; and that the same descended to his heirs-at-law upon his death. It would not lapse, since the familiar rule as to lapsed devises is applicable primarily to instances where the devisee named in the will has died prior to the death of the testator.

We do not think that the partition proceeding filed by John A. Cole and Willie Cole shortly after the death of the testator, and which was introduced by the defendants upon the trial under a reserved ruling, has any application as to the present ownership of the land involved in this suit for the reason that the land here in question was not in anywise involved in that proceeding.

 There was no error committed by the trial court in refusing to allow the defendants the value of the improvements made on the land since they were voluntarily placed on the land at a time when they were charged with

full knowledge of what the county records disclosed as to the defeasible title held by their predecessor in title, Willie Cole. They purchased and improved the land with record notice that the title acquired by Willie Cole under the will would terminate upon his death without issue. The cause must therefore be affirmed.

Affirmed.

*Roberds, Kyle, Holmes* and *Gillespie, JJ.,* concur.