WALKER, Justice,
for the Court.
The Federal Land Bank of New Orleans and J. B. Stafford brought this suit in the Chancery Court of Jasper County against Douglas Chaires Bradford, Burt E. Bradford, J. C. Searcy, Jr. and other nominal defendants to confirm the title to their claimed interests in a certain 80 acre tract of land in Jasper County. The bill sought to cancel a quitclaim deed to the Bradfords from their mother, Sarah Katherine Massey Bradford, and an oil, gas and mineral lease from the Bradfords to Searcy. Masonite Corporation, which claims the entire surface interest in the tract, was transposed to a party complainant by order of the court. The Bradfords and Searcy brought a cross-bill against the complainants and the nominal defendants, all of whom have recorded mineral interests in the tract, to confirm their own future interests in the land in question. Deciding the case upon stipulated facts, the chancellor awarded the tract to the complainants on a theory of adverse possession.
The complainants also claim record title through a complex chain of conveyances, which need not be detailed here since the chancellor’s theory of adverse possession is sustainable under the facts and the *389 law. However, the chancellor did not explicitly decide whether the Bradfords had possessed any future interest in the land, suggesting that adverse possession would run against them in any event. This suggestion is erroneous. In an adverse possession case, the statute of limitations will not run against a holder of any future interest until he has an immediate right to possession. Belt v. Adams, 124 Miss. 194, 86 So. 584 (1920); 31 C.J.S. Estates § 99a (1964); L. Simes, Law of Future Interests § 50 at 105 (2d ed. 1966); cf. White v. Inman, 212 Miss. 237, 253, 54 So.2d 375, 380 (1951); Thomasson v. Kinard, 153 Miss. 398, 121 So. 109 (1929).[1]
The asserted future interest of the Brad-fords rests upon the will of their grandfather, John Edward Massey, who owned the land at his death in 1920. His will provides:
I give, devise and bequeath unto my wife, Mrs. Emma Massey, and my daughter, Sarah Katherine Massey, the residue and remainder of my property, both real and personal, after the payment of my just debts, as tenants in common to share and share alike, under the following restrictions and provisions, to-wit:
In the event either of the said Devisees shall die without issue, then that share of said property devised as aforesaid to such Devisee, shall descend to the surviving one; and in the event of the death of both of said Devisees without issue, all of the said property shall go to and become the property of my brother, Thomas L. Massey, if he be living, and if dead, to his descendants.
It is my intention by this instrument to devise all of my property, both real and personal, to my said wife and daughter and their descendants, provided they shall have born to either of them a child or children, but in the event no such child or children shall be born to them or to either of them, then it is my desire and will that all of the said property upon the death of my said wife and daughter, become the property of my said brother, or his descendants as aforesaid.
The interests of the named devisees have been displaced by adverse possession. However, if the will created any interest in the Bradfords, the issue of Sarah Katherine Massey Bradford, that interest cannot have been extinguished.
The case turns on whether John Massey intended to create a life estate in his wife and daughter with a remainder in their issue, or a fee simple in his wife and daughter, subject to an executory interest in favor of his brother should the named devi-sees both die without issue. Under the former construction, the Bradfords would have a future interest; under the latter, they would have none. Our Court has often been faced with this problem of construction, but never does it seem to have been the controlling issue in a case. Hence, the distinctions between life estates and defeasible fees have often blurred. See, e. g., Hays v. Cole, 221 Miss. 459, 73 So.2d 258 (1954).
In a whole line of cases, Justice Ethridge construed similar provisions as creating fees simple subject to executory interests. Bridgforth v. Gray, 222 So.2d 670 (Miss. 1969); Hemphill v. Mississippi State Highway Commission, 245 Miss. 33, 145 So.2d 455 (1962); White, supra. In none of these cases did the result turn on whether the first interest was characterized as life estate. However, the cases are valuable for the Court’s insights as to the requisites of the fee simple subject to an executory interest:
*390 An executory interest cuts off the preceding estate when the event on which it is limited happens. . . . The estate in fee simple absolute is in a person other than the conveyor, but upon the happening of the event the estate shifts to another person or persons. . . . Hence the executory interest in Vassar, Jr. and Simpson is subject to a condition which is not certain to occur, the death of Everett before his wife. Hemphill, supra, 245 Miss. at 43, 145 So.2d at 459-60).
The provision of John Massey’s will might have created a life estate had it declared that the interests of his wife and daughter would terminate upon the death of the last of them; that is an event certain to happen. However, the will provided an alternate taker only if both die without issue; that is an event not certain to happen. Where an estate is determined by an event not certain to occur, it is a fee simple defeasible, and not a life estate. Hemphill, supra, at 43, 145 So.2d at 459-60; Restatement of Property § 46, Comment i (1936).
Illustration 13 to section 46 at page 156 of the Restatement, very nearly depicts the present case and points out the distinction between a life estate and a defeasible fee:
A, owning Blackacre in fee simple absolute, transfers Blackacre “to B and his heirs” adding thereto some one of the following expressions:
I. “but if B is not survived by issue at the time of his death, then Blackacre is to go to C and his heirs”;

In each instance B has an estate in fee simple subject to an executory limitation of the shifting type.
C has an executory interest; B’s issue, like the Bradfords here, have no estate at all.
The Bradfords are doubtless correct that the construction of the will should be governed by the testator’s intent, but we see no indication that their grandfather intended to create any future interest in them. We are asked to construe his intent from the words of the devise, and John Massey’s words provided that his wife and daughter should be tenants in common. The interest of each was to pass to the other if she died without issue, but the will does not provide that the interest of each must pass to her surviving issue. The Bradfords seem to suggest that the words of the will devising all John Massey’s property “to my said wife and daughter and their descendants” create a mere life estate in the wife and daughter and a remainder in their descendants. Such a forced construction is refuted, not only by the analysis derived from our case law and the Restatement, but also from our statutes. Mississippi Code Annotated section 89-1-5 (1972) provides that conveyances are to be construed as creating a fee simple “unless it clearly appear from the conveyance or will that a less estate was intended to be passed thereby.” It does not clearly appear that John Massey, by this reference to descendants, intended to reduce the fee granted to his wife and daughter to a life estate. Cf. Wheeler v. Williams, 235 Miss. 142, 150, 108 So.2d 578, 581 (1959).
The true construction is that John Massey created a defeasible fee in his wife and daughter, subject to an executory interest in his brother in the event both died without issue. Emma Massey in fact devised her interest to her surviving issue, but, her interest not having been defeated by her death without issue, she could have devised her interest to whomsoever she chose. The same is true for Katherine Bradford. The will does not preclude her from conveying whatever interests she has, subject to de-feasance upon her death without issue. The Bradfords’, survival is a condition of their mother’s freehold, but the will gives them no estate of their own.
The chancellor was therefore correct in holding that complainants had perfected their title by adverse possession. His decree must be affirmed.
AFFIRMED.
GILLESPIE, C. J., PATTERSON and IN-ZER, P. JJ., and SMITH, ROBERTSON, SUGG, BROOM and LEE, JJ., concur.

. It has been suggested in dictum in our cases that the statute of limitation may run against the holders of a future interest in case of an “unequivocal ouster,” White, supra, 212 Misc. at 253, 54 So.2d at 380, or an “actual ouster,” Thomasson, supra, 153 Miss. at 405, 121 So. at 110. Those cases do not describe the requisites of such an ouster, although Justice Ethridge indicates that evidence of a possession “consistent with that of a life tenant, or the holder of a determinable fee” will not suffice. White, supra, 212 Miss. at 253, 54 So.2d at 380. In this case, it is stipulated that the Bradfords had no actual notice that the complainants were holding adversely to their alleged future interest. However, because of our conclusion that the Bradfords had no future interest in this land, it is not necessary to decide whether the acts of the complainants might constitute “unequivocal ouster.”