IN THE SUPREME COURT OF MISSISSIPPI
NO. 97-CA-01059-SCT

*CLYDE N. HUDSON, JR., MARIE HUDSON HILL,
BETTY JANE CAMPBELL AND EDNA OSBORNE
WALKER*

*v.*

*ROBERT M. MOON, ALONZON D. WELCH, WOODY
LODEN, JOHNNY GILMORE AND GRAYDON
FARROW, AS DIRECTORS OF THE MISSISSIPPI
CHRISTIAN FOUNDATION AND THE MISSISSIPPI
CHRISTIAN FOUNDATION, A MISSISSIPPI NON-
PROFIT CORPORATION*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/23/1997 |
| TRIAL JUDGE: | HON. DENNIS M. BAKER |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANTS: | JOEL P. WALKER |
| ATTORNEYS FOR APPELLEES: | R. STEVEN COLEMAN |
| | W. D. COLEMAN |
| | PATRICIA ALMON HANCOCK |
| NATURE OF THE CASE: | CIVIL - UNCONSTITUTIONAL STATUTE |
| DISPOSITION: | REVERSED AND RENDERED - 1/28/99 |
| MOTION FOR REHEARING FILED: | 2/26/99 |
| MANDATE ISSUED: | 4/22/99 |

**BEFORE SULLIVAN, P.J., BANKS AND ROBERTS, JJ.**

**BANKS, JUSTICE, FOR THE COURT:**

¶1. Appellants raise three issues for our consideration: (1) whether §270 of the Mississippi Constitution and Miss. Code Ann. §91-5-31 grant in them, the heirs at law of the testator, a vested interest in land subject to compulsory divesture by sale by a proscribed beneficiary institution; (2) whether this Court can consider the question of constitutionality, and if so, was mortmain in Mississippi, now repealed, unconstitutional; and (3) whether the estate proceeding is res judicata on the present application of mortmain. We conclude that the heirs had a vested right in the land and that res judicata was applicable. It follows that consideration of the constitutional issue is unnecessary. Accordingly, we reverse the judgment of the trial court.

# I.

¶2. Myrtle H. Mulkey died on January 29, 1983, having as her only heirs at law three nieces, Marie Hudson Hill, Betty Jane Hudson Campbell, Edna Osborn Walker and one nephew, Clyde N. Hudson. Mrs. Mulkey's Will, dated January 29, 1982, was admitted to probate in the Chancery Court of DeSoto County. The Final Decree Closing Estate and Discharging Executor was issued on November 2, 1984. Under the will, the heirs at law each received monetary gifts in the amount of $5,000. Mrs. Mulkey's will devised to the Mississippi Christian Foundation ("MCF"), in trust, 30 acres of land in DeSoto County, Mississippi. Mulkey and her husband had previously conveyed 20 acres to MCF. There was also a residual cash bequest to Mississippi Christian Foundation in the amount of $463,168.74. MCF was delivered the land via Executor's Deed on November 8, 1984.

¶3. The final decree closing Mulkey's estate determined MCF to be a proscribed institution within the meaning of Miss. Code Ann. § 91-5-31, the mortmain statute.[1] The will contained a clause directing that "no part of the fifty acres be sold." The Chancery Court, construing the will in order that no bequest would fail, determined that MCF was, nevertheless, empowered to sell any part or all of the land bequeathed to them in trust. The final decree further adjudged that conveyances by MCF within ten years would render the statute of mortmain inapplicable to said land.

¶4. On November 18, 1988, MCF conveyed 0.01 acres to the Mississippi Highway Commission. There was no other disposal or sale of the property by MCF.

¶5. In 1987, Section 270 in Article 14 of the Mississippi Constitution, the underlying constitutional provision to the mortmain statute, was amended to read as follows:

> [A]ny land devised. . . . to any charitable, religious, educational, or civil institution may be legally owned, and further may be held by the devisee for a period of not longer than ten (10) years after such devise *becomes effective as a fee simple or possessory interest. . . .*

¶6. The pertinent language added to section 270 was "becomes effective as a fee simple or possessory interest." Before amendment, there was no mention of the devise becoming effective as a fee simple or possessory interest. Miss. Code Ann. §91-5-31 was amended to conform to Section 270 of the Constitution, as amended, effective May 3, 1988. In 1992, Section 270 was repealed. Section 91-5-31 was subsequently repealed, effective from and after its passage on March 10, 1993, with no mention of a savings clause.

¶7. On March 22, 1993, the heirs at law filed their initial pleading in a suit to Cancel Clouds on Title and To Quiet and Confirm Title to Land, to Cancel Bequest of Funds and Other Matters in the Chancery Court of DeSoto County. Appellants based their claim on the mortmain statute. A trial on the merits was held on May 16, 1995 and the trial court, after taking it under advisement, ruled in April 1997.

¶8. The trial court found that when mortmain was abolished on December 8, 1992, appellants' interest in the property was contingent, inchoate, executory, and unmatured, and extinguished by the repeal of Section 270. The trial court further determined that the recital of mortmain in the final decree closing out the estate did not have res judicata effect to the case that was presently before the chancery court, and that the charitable trust created by Mulkey had not failed. The trial court dismissed the complaint of the heirs at law, with prejudice, confirming fee simple title and the cash bequest in MCF's Directors as Trustees in Trust for

MCF. Aggrieved by the trial court's ruling denying them any ownership of land, the heirs now appeal to this Court.

## II.

¶9. The heirs at law assert that Section 270 of the Mississippi Constitution and Miss. Code Ann. § 91-5-31 granted them a vested interest in 30 (thirty) acres of land which was subject to divesture by sale by MCF within 10 (ten) years of Mrs. Mulkey's death. They argue that MCF, as a proscribed institution under the mortmain statute, lost the right to sell or use the property when it failed to dispose of the property within ten years of Mrs. Mulkey's death. The appellants further contend that the 1987 and 1988 amendments to § 270 of the Constitution and § 91-5-31 of the Mississippi Code and that the repeal of both the constitutional and statutory provisions concerning mortmain had no affect on their rights because property rights vested in them could not be affected by subsequent repeal of § 270 and § 91-5-31.

*a.*

¶10. This Court has continuously followed the rule that statutes will be construed to have a prospective operation only, unless a contrary intention is manifested by the clearest and most positive expression. ***Anderson v. Jackson Mun. Airport Auth.***, 419 So. 2d 1010, 1026 (Miss. 1982). If the statute is unconditionally repealed without a savings clause in favor of pending suits, all pending proceedings thereunder are terminated. ***Beatty v. State***, 627 So. 2d 355, 357 (Miss. 1993). A statute will not be construed to be retroactive unless the words admit of no other construction or meaning, and there is a plain declaration in the act that it is. ***Anderson v. Jackson Municipal Airport Auth.***, 419 So. 2d at 1027.

¶11. Based on ***Mississippi College v. May***, 235 Miss. 200, 222, 108 So. 2d 703, 710 (1959), under mortmain, the heirs at law in the present case did have a vested remainder, subject to defeasance by MCF exercising its power of disposition. Under general principles of property law, the character of an estate as vested or contingent does not depend upon the defeasibility or indefeasibility of the right of possession, and if there is a present right to a future possession, though that right may be defeated by some future event, contingent or certain, there is nevertheless a vested estate. ***Hays v. Cole***, 221 Miss. 459, 471, 73 So. 2d 258, 263 (1954). A vested remainder may be determinable upon the happening of a contingency, in which case it is said to be vested, subject to being divested upon the happening of a contingency subsequent, and this will not affect its vested character, for a remainder is none the less vested because it is liable to be divested or destroyed. ***Id.***

¶12. The ten-year mortmain period began to run from the date of the testator's death. *See* ***Johnson v. Board of Trustees***, 492 So. 2d 269 (Miss. 1986). Following this rule, the ten years in which MCF had to dispose of the property began on January 29, 1983, the date Mrs. Mulkey died. The question then arises what affect, if any, do subsequent changes to mortmain have.

¶13. Although the effect of rights under mortmain after repeal of § 270 and § 91-5-31 has not been specifically addressed by this Court, the Court has considered the effect of repealed statues on certain rights. Many decisions in this state have affirmed the rule that the effect of a repealing statute is to abrogate the repealed statute as completely as if it had never been passed, and that a statute modifying a previous statute has the same effect as though the statute had all the while previously existed in the same language as that contained in the modified statute, unless the repealing or modifying statute contains a savings clause. ***Stone v. Independent Linen Serv. Co.***, 212 Miss. 580, 586-87, 55 So. 2d 165, 168 (1951). The result

of this rule is that every right or remedy created solely by the repealed or modified statute disappears or falls with the repealed or modified statute, unless carried to a final judgment before the repeal or modification, save that no such repeal or modification shall be permitted to impair the obligation of a contract or abrogate a vested right. *Id*.

¶14. It is evident that the legislature intended the repeal of § 91-5-31 to be effective as of its date of passage in that there is no savings clause included. At that time, the heirs had a vested right in the land, which could not be stripped from them by the repeal of mortmain. Upon expiration of the ten year period, land not disposed of by MCF was to revert automatically to the heirs of Mulkey. Not only did the heirs have a right already vested in the remainder at the time of repeal of the mortmain, the ten year period had expired. Because the heirs' rights vested before repeal of mortmain, they maintained rights in the land not disposed of by MCF.

*b.*

¶15. MCF asserts that the heirs' claim to the land is barred by the equitable doctrine of waiver and estoppel based on a Legal Voucher, Receipt, Waiver, and Joinder that each of the heirs signed in May, 1983 after accepting the monetary bequests from Mulkey. While this defense was presented in the lower court, a reading of the chancellor's opinion does not show that a ruling was made on it. For the sake of judicial efficiency, this Court will address the merits of MCF's defense.

¶16. The document signed by the heirs read in pertinent part as follows:

> I further certify that the above and foregoing cash bequest constitutes the sole, total, and all of the bequest made to me in said will; that said Last Will and Testament, after providing for specific cash bequests, contains a valid residuary clause, devising and bequeathing all the rest and residue of said estate in trust, so that Myrtle Hudson Mulkey died testate with respect to all her property, real, personal, and mixed title to which she was vested at the time of her death.

> Therefore, having received all to which I am entitled as a beneficiary in the Last Will and Testament of Myrtle Hudson Mulkey, deceased, and thus all to which I am entitled from her estate, I do hereby freely and voluntarily execute and deliver this receipt and waive any further interest in said estate; acknowledge that I have received in full the bequest made to me and that I have therefore, no further interest in said estate.

¶17. When the estate was closed in November 1984, the court construed the residuary clause by which MCF was devised the thirty acres to mean that the devise of land to it was subject to mortmain. Under mortmain, if MCF did not sell or dispose of the land within ten years of Mulkey's death, the land would revert to heirs at law of the testator.

¶18. A party asserting equitable estoppel must show a belief and reliance on some representation, a change of position as a result thereof, and detriment or prejudice caused by the change of position. *Covington County v. Page*, 456 So. 2d 739, 741 (Miss. 1984). The cases cited by MCF to support his estoppel defense are inapplicable in that they deal with the application of estoppel when a party taking under the will, or a provision of the will, later asserts invalidity of the will. The appellants herein assert not the invalidity of the will, but the effect of the repealed mortmain statute which created their rights in the land, and which was explicitly recognized at the time as governing the devise here in question. MCF has not shown a change in

position, or that it did something that otherwise would not have been done.

¶19. This Court has held that the intention to abandon or waive a vested property right must be shown by full and clear evidence. *Southern Bell Tel. & Tel. Co. v. City of Meridian*, 241 Miss. 678, 703, 131 So. 2d 666, 674 (1961). When the heirs signed the waiver in May 1983, they received all that they were entitled to receive under the will and no more. Nevertheless, they had a vested contingent interest at that time by operation of law. That contingency was subject to being extinguished by sale of the property within ten years. Nothing in the language of the waiver suggests a clear intention to abandon that vested contingent interest. Nor is there any other evidence which would support the conclusion that there was a waiver of this interest.

*c.*

¶20. The 1988 amendment to mortmain changed the statute to read that "any land devised to a charitable institution, religious, educational, or civil institution may be held by the devisee not longer than ten years after the devise becomes effective as a *fee simple or possessory interest.*" Before amendment, the ten year period began "after such devise becomes effective." This amendment contained a savings clause which in effect stated, "the terms of this act shall apply to all bequests, devises, wills, codicils, and other testamentary dispositions made by persons whose death occurred subsequent to the effective date of the amendment . . . ." Mulkey died on January 29, 1983, at which time the devise became effective as a possessory interest under the statute before and after amendment. *See Mississippi College v. May*, 235 Miss 200, 222, 108 So. 2d 703, 710 (1959) (heirs have a vested estate at death of testator). MCF argues that the ten year period, not having become effective until November 1984 when the estate was closed, did not expire until November 1994, making the heirs' claim premature and subject to dismissal because no cause of action would have accrued in their favor until November 1994. Because the devise in question did become effective as a possessory interest at the death of Mulkey, MCF's argument that the heirs claim was premature fails.

## III.

¶21. Appellants next assert that the trial court erred in finding that mortmain law in Mississippi is unconstitutional, and questions whether this Court may consider the constitutionality of § 270 of the Mississippi Constitution and § 91-5-31 of the Code.

¶22. The heirs assert that based on *State v. Watkins*, 676 So. 2d 247 (Miss. 1996), this constitutional question is beyond reach of this Court because it has not been properly challenged. In *State v. Watkins*, the chancellor declared a portion of a state statute unconstitutional without proper notice to the Attorney General of Mississippi that the statute was being challenged. *Id*. at 248. Miss. Code Ann. § 7-5-1 (1991) requires the State Attorney General to intervene and argue the constitutionality of any statute when notified of a challenge thereto, and M.R.C.P. 24(d) authorizes the Attorney General to intervene in an action in which the constitutionality of a state statute is called into question. *Id*. at 250. The party asserting the unconstitutionality of the statute shall notify the Attorney General in sufficient time as to afford him an opportunity to intervene and argue the question of constitutionality. *See* M.R.C.P. 24(d). MCF alleged in the trial court, as an alternative defense, that mortmain, as embodied in § 270 and § 91-5-3, was unconstitutional.

¶23. Although there was no notice to the Attorney General as required by § 7-5-1 and Rule 24 (d), the

chancellor ruled the mortmain unconstitutional. This Court has held that it will not determine the constitutionality of a statute where it has not been properly challenged. *State v. Watkins,* 676 So. 2d at 250. Thus, MCF's constitutional claim would fall due to this procedural bar. We note that this procedural default does not deprive this Court of jurisdiction. Because, however, we resolve this matter on grounds of res judicata, we need not discuss the probable unconstitutionality of our now repealed mortmain provisions.

## IV.

¶24. In their third assignment of error, the heirs at law argue that the trial court erroneously dismissed their res judicata claim. Appellants contend that the Final Decree entered in 1984 closing Mulkey's estate, which recited the mortmain statute as it stood at the time of closing, operates as *res judicata* on the application of mortmain in the present proceedings.

¶25. "Generally, four identities must be present before the doctrine of res judicata will be applicable: 1) identity of the subject matter of the action, 2) identity of the cause of action, 3) identity of the parties to the cause of action, and 4) identity of the quality or character of a person against whom the claim is made." *Dunaway v. W.H. Hopper & Assocs., Inc*., 422 So. 2d 749, 751 (Miss. 1982) (citing *Mississippi Employment Sec. Comm'n v. Georgia Pacific Corp*., 394 So. 2d 299 (Miss. 1981); *Cowan v. Gulf City Fisheries, Inc*., 381 So. 2d 158 (Miss. 1980); *Standard Oil Co. v. Howell*, 360 So. 2d 1200 (Miss. 1978)). "If these four identities are present, the parties will be prevented from relitigating all issues tried in the prior lawsuit, as well as all matters which should have been litigated and decided in the prior suit." *Id.*

¶26. The final decree closing out Mulkey's estate resulted from the petition of Alonzo Welch, Executor of Mulkey's estate, for final discharge as executor and closing of the estate. In the decree, the court adjudicated that MCF was a proscribed institution under mortmain, and as such, recited that the devise of land to it was subject to the terms of § 91-5-31 as follows:

> The Court finds, determines and adjudicates that the Mississippi Christian Foundation is a proscribed institution within the meaning and intent of the statute of mortmain. . . .that, therefore, the devise of lands in the Last Will and Testament without power of sale should be and the same is hereby construed to mean and have the intent of being subject to the terms, prohibitions, and limitations of Section 91-5-31; that, therefore, the Directors of Mississippi Christian Foundation as Trustees should be and they are hereby empowered to sell by bona fide sale any part or all of the lands bequeathed to them in trust within ten (10) years. . . .

¶27. Both the closing of Mulkey's estate and the present action involved the heirs, MCF and the land devised to MCF. Therefore, this constitutional issue is one which could have been brought in the estate proceedings, but it was not. Because MCF's constitutional claim was not raised in the estate proceedings, MCF is barred by res judicata from bringing its claim that mortmain is unconstitutional. *See Estate of Anderson v. Deposit Guar. Nat'l Bank*, 674 So. 2d 1254, 1256-57 (Miss. 1996).

## V.

¶28. For foregoing reasons, this Court reverses the judgment of the trial court and renders judgment for appellants.

¶29. **REVERSED AND RENDERED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., McRAE, ROBERTS, SMITH, MILLS AND WALLER, JJ., CONCUR.**

1. Under this statute, at the time of the will until 1988, any person not leaving a spouse or child could "devise land to any charitable, religious, educational, or civil institution to be owned and held by the devisee for a period not longer than ten years after such devise becomes effective. . . . If the land was not sold or disposed of within the said period of ten years, in that event at the expiration of the said ten years, it shall revert to the heirs at law of the testator under whose will it was devised to the institution holding it. . . ." Miss. Code Ann. § 91-5-31 (1972). A similar provision was contained in Section 270 of the Mississippi Constitution (1890).